[L. A. No. 124.    Department One.—June 17, 1897.]

# S. A. HICKS, APPELLANT, *v.* H. L. DREW, RESPONDENT.

ATTORNEY AND CLIENT—RELATION, WHEN NOT EXISTING—CONSULTATION WITHOUT RETAINER. — The relation of attorney and client does not exist where there is a mere consultation as to the charges to be made for the commencement of an action, and the terms proposed by the attorney are not accepted, and no retainer is given, and no implied contract exists to pay for advice given; and, in such case, the attorney is at liberty to accept employment from the opposing party.

ACTION FOR CONSEQUENTIAL INJURY TO LAND — OVERFLOW OF WATER — ERECTION OF BULKHEAD—TRESPASS—CASE—STATUTE OF LIMITATIONS. An action for an injury to the land of the plaintiff, as the result of the erection of a bulkhead on the land of the defendant, which prevented storm water from flowing naturally across the lands of plaintiff, and caused it to overflow and to make gullies in plaintiff's land, is not in the nature of an action for trespass upon real property of the plaintiff within the limitation of three years provided for in section 338 of the Code of Civil Procedure, but is in the nature of an action upon the case, at common law, to recover damages for a consequential injury, and is subject to the limitation of two years provided for in subdivision 1 of section 339 of the Code of Civil Procedure.

ID.—DAMAGES—DETRIMENT AFTER COMMENCEMENT OF ACTION—SUPPLEMENTAL PLEADING.—Damages may be awarded in a judicial proceeding for detriment resulting after commencement thereof; and no supplemental pleading is necessary to support such a recovery.

ID.—INSUFFICIENT DISCLAIMER OF ACCRUING DAMAGES—OFFER OF PROOF—REJECTION OF EVIDENCE.—An offer of proof limiting evidence of damage to a time prior to the commencement of the action does not constitute a disclaimer of damages thereafter accruing, where it appears that other specific offers to prove damages accruing after the commencement of the action were rejected by the court.

ID. — PREJUDICIAL ERROR — INSTRUCTION AS TO RECOVERY — ERROR NOT CURED BY EVIDENCE.—Where the court rejected evidence of damages accruing after the commencement of the action, and instructed the jury that the plaintiff could only recover so much damage as accrued before suit brought, the error is prejudicial, and is not rendered harmless by the fact that the other evidence was given of damage accruing after suit brought.

ID. — DEDUCTION OF BENEFIT FROM DAMAGES — PLEADING. — Any benefit received by the plaintiff from the acts of the defendant should be deducted from any damages caused to plaintiff by such acts; and it is not necessary that such incidental benefit to plaintiff should be pleaded by the defendant.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial.  JOHN L. CAMPBELL, Judge.

CXVII. CAL.—20

The facts are stated in the opinion of the court.

*Gibson & Titus,* and *George B. Cole,* for Appellant.

An attorney who has been consulted, and has advised as to the question in controversy, is disqualified, though not regularly employed as an attorney in the case. (*Curtis* v. *Wilcox,* 74 Mich. 69; *Valentine* v. *Stewart,* 15 Cal. 387; *People* v. *Spencer,* 61 Cal. 128; *In re Whittemore,* 69 Cal. 67; *In re Stephens,* 84 Cal. 77.) Section 338 of the Code of Civil Procedure regulates all actions for trespass upon real property; and to suppose two sets of limitations of such actions involves an absurdity, which is to be avoided in construction of the statute. (*Harley* v. *Heyl,* 2 Cal. 477; *Conniff* v. *San Francisco,* 67 Cal. 45; *Triscony* v. *Brandenstein,* 66 Cal. 514; *Zumwalt* v. *Dickey,* 92 Cal. 156; *Gale* v. *McDaniel,* 72 Cal. 334.) It is a trespass to real property to divert the flow of water. (*Fleming* v. *Wilmington etc. R. Co.,* 115 N. C. 676.) It was error to exclude evidence of damages accruing after the commencement of the action. (Civ. Code, 3283; *McLennan* v. *Ohmen,* 75 Cal. 558, 563; *Hicks* v. *Herring,* 17 Cal. 566; Sedgwick on Damages, 109.) There is no matter of offset or recoupment for benefits set up in the answer. (Code Civ. Proc., sec. 438; 16 Am. Dec. 333; *Waters* v. *Lilley,* 4 Pick. 145; *Strout* v. *Berry,* 7 Mass. 385.)

*E. E. Rowell,* and *E. R. Annable,* for Respondent.

There was no retainer of Mr. Annable as an attorney for plaintiff. (Bouvier's Law Dictionary; *Knight* v. *Russ,* 77 Cal. 412.) The limitation was properly governed by subdivision 1, section 339 of the Code of Civil Procedure. The acts complained of were not a trespass upon real property. (*Heilbron* v. *Heinlen,* 72 Cal. 371.) The distinction between the common-law action is still preserved for applying the statute of limitations, or any test of liability. (1 Smith's Leading Cases in Equity, 8th ed., pt. 2, p. 803, note; *Krause* v. *Spiegel,* 94 Cal. 370; *Rogers* v. *Duhart,* 97 Cal. 500.) The injury complained

of gave a common-law remedy in "case" and not in "trespass." (1 Chitty on Pleading, 139; Gould on Waters, 210; *Reynolds* v. *Clark,* 2 Ld. Raym. 1399; Angell on Waters, sec. 395; *Brown* v. *Bowen,* 30 N. Y. 519; 86 Am. Dec. 406; *Perrine* v. *Bergin,* 14 N. J. L. 355; 27 Am. Dec. 63.) Any benefits accruing to plaintiff may be considered in mitigation of damages, and not as matter of setoff. (Field on Damages, sec. 747; 3 Sutherland on Damages, 421; *Luther* v. *Winnisimmet Co.,* 9 Cush. 171.)

GAROUTTE, J.—This is an action to recover damages for injuries to real estate. An appeal is prosecuted to this court from the judgment and order denying plaintiff's motion for a new trial.

Plaintiff objected to Mr. Annable, one of defendant's attorneys, appearing in the case, upon the ground that his prior professional relations with her had been such as, in law, to deprive him of that right. On taking evidence upon this question, the court held against her contention, and reversible error is now claimed upon that ruling. There is no serious conflict as to the facts bearing upon this matter, but wherever contradictions do exist, we are bound to resolve them in such a way as to support the action of the trial court. Prior to the filing of the complaint by plaintiff, she held several conversations with attorney Annable as to the facts of her case. At the final conversation, he offered to prosecute the action in her behalf upon a contingent fee, the amount of that fee to be dependent upon the size of the judgment eventually secured. When this offer was made by Mr. Annable, plaintiff withdrew, and thereupon employed other attorneys, who inaugurated the present litigation. If these facts disqualify an attorney from appearing in a case, it would be an easy matter to disqualify all those attorneys whom a party neither desired to retain, nor to allow the opposing party to retain. In this case in no sense was there a retainer. There was not even an implied contract to pay for advice given.

Both parties concede this to be so. Mr. Annable's affidavit discloses that whatever conversation he had with plaintiff was with a view of fixing the amount of his fee. The relation of attorney and client, under these circumstances, never existed between the parties, and no disqualification was created by these acts.

The lands of plaintiff were situated immediately south of those of defendant, a public highway, known as Colton avenue, dividing them. The fee of this avenue, to the center thereof, was in the adjoining owners. In April or May, 1890, defendant erected a bulkhead upon his land which diverted storm waters (that ordinarily and naturally flowed northerly and westerly across his lands) over the lands of plaintiff. As declared by plaintiff's complaint, these waters thereby caused deep washes and gullies to be cut in the aforesaid avenue, wherein she owned the fee, and by which acts of defendant she was greatly damaged.

By the instructions to the jury the court limited a recovery against defendant to damages accruing within two years prior to the filing of the complaint. This instruction was given in view of section 339 of the Code of Civil Procedure, subdivision 1, which provides that an action founded upon a contract, obligation, or liability not based upon a written instrument must be brought within two years. Appellant denies the application of this statute to the facts of her case, and declares that she had a right to bring the action at any time within three years from the accrual thereof, by virtue of section 338 of the Code of Civil Procedure, subdivision 2, which provides that an action for trespass upon real property may be brought within three years after it has accrued. Is the present action one to recover damages for a trespass upon real property? While in this state all distinctions between common-law actions are abolished as relating to the procedure, yet it is plain that we are bound to consult the common law, and the classification of common-law actions, for the proper determination as to what the law-making

power of this state had in mind when using the phrase, " trespass upon real property."

It appears that the courts of England often experienced difficulty in determining whether trespass or case was the true remedy to be pursued. This same difficulty often arises in this state, when the statute of limitations is invoked. But in the case at bar, weighed and tested by the rules of the common law, the distinction between these two forms of common-law actions is clearly apparent; and that this case upon its facts is one wherein it is sought to recover upon a liability not based upon an instrument of writing, and, therefore, barred in two years, we are satisfied.

One of the best tests by which to distinguish trespass is found in the answer to the question, When was the damage done? If the damage does not come directly from the act, but is simply an after result from the act, it is essentially consequential, and no trespass. Chitty says: "If a log, in the act of being thrown into the highway, hit another, the injury is immediate; but if, after it has reached the highway, a person fall over it and be hurt, the injury is only consequential, and the remedy should be case. . . . . So, if a person pour water on my land, the injury is immediate; but if he stop up a watercourse on his own land, whereby it is prevented from flowing to mine as usual, or if he plays a spout on his own building, in consequence of which water afterward runs therefrom into my land, the injury is consequential; because the flowing of the water, which was the immediate injury, was not the wrongdoer's immediate act, but only the consequence thereof, and which will not render the act itself a trespass or immediate wrong." (Chitty on Pleading, *142.) Gould on Waters, section 210, declares: "It is not a trespass to flow the land of another with water by erecting a dam below his land, for any one may lawfully build a dam on his own land, and the act, being injurious only in its consequences, is to be redressed by an action on the case." Angell on Watercourses, at

section 395, in speaking as to the remedy of action on the case, says: "This remedy is the judicial one now always resorted to in the usual case of consequential injury to or by means of a watercourse. The general result of the English authorities renders it very clear that where damages do not immediately ensue from the act complained of, it is consequential, and case is the proper remedy; and, on the contrary, where the act itself, and not the consequence of it, occasions the mischief, trespass is the right action." In *Perrine* v. *Bergin*, 14 N. J. L. 355, 27 Am. Dec. 63, where the lands of an upper owner upon the stream were overflowed by a dam of the lower owner, it is said: "So far from being an ouster, it is not even a trespass, to flow the land of another with water by erecting a dam below his land, for the *act* in itself is *lawful*. Any man may build a dam by common right on his own land, and trespass never lies when the act is lawful in itself, and injurious only in its consequences. . . . . It is therefore no dispossession, no ouster, nor even a trespass, to flow water backward on another person's land. It is denominated in law a nuisance and annoyance to the tenant in possession; and his only modern remedy is by an action on the case, founded on his possession."

To support plaintiff's contention that defendant's acts, in law, constituted a trespass upon plaintiff's realty, certain decisions of this court are relied upon; but those decisions fail to accomplish the result, and are not opposed to the views of the common-law writers from which we have quoted. In *Triscony* v. *Brandenstein*, 66 Cal. 514, this court held that a cause of action for trespass upon realty was stated in a complaint which charged that defendant "wrongfully and unlawfully entered upon plaintiff's lands, and . . . . depastured the same with five hundred head of cattle and ten head of horses, to plaintiff's damage." Clearly, here was an unlawful entry and damage done to the realty. The cattle and horses were but the means by which the damage was done. Any other means used to do the

damage, by the party who made the entry, would have been equally sufficient in making out a cause of action. In that case there was an actual unlawful entry, accompanied by damage. The act of entry was unlawful, and the damage done was in no sense consequential. The entry and damage were inseparably connected. *Zumwalt* v. *Dickey*, 92 Cal. 156, is in all respects a similar case. *Conniff* v. *San Francisco*, 67 Cal. 45, in principle is more like the case at bar. At the same time there is a material and substantial difference. In addition it may be suggested that the principles laid down by the Conniff case find support in *Pumpelly* v. *Green Bay etc. Co.*, 13 Wall. 166; and it was largely upon the authority of that case that the decision in *Conniff* v. *San Francisco*, *supra*, was based. Yet the same high court that decided *Pumpelly* v. *Green Bay etc. Co.*, *supra*, in a recent decision said that case declared "the extremest limitation of the doctrine to be found." (*Transportation Co.* v. *Chicago*, 99 U. S. 642.) In considering the Pumpelly case, and *Eaton* v. *Boston etc. R. R. Co.*, 51 N. H. 504, 12 Am. Rep. 147, the supreme court of the United States said: "In these actions it was held that permanent flooding of private property may be regarded as a 'taking.' In these cases there was a physical invasion of the real estate of the private owner, and a practical ouster of his possession." In the Conniff case the facts were declared by this court to be the same as we have just quoted, and it is only upon such a state of facts that the decision may be supported. The facts of the case at bar do not bring it within the doctrine of *Conniff* v. *San Francisco*, *supra*. If the dam or bulkhead erected by defendant upon his land had resulted in the prevention of water flowing upon plaintiff's land, which had been accustomed to so flow, and damage to plaintiff's freehold had been the result, it could hardly be contended that such acts amounted to a trespass upon real estate. Yet, upon principle, the action for redress would be the same as in the case at bar.

The trial judge instructed the jury as follows: "No

damage can be recovered in this action, for injury to plaintiff's feelings, but only such pecuniary damage as accrued to her property by reason of the maintenance by defendant of a bulkhead at the foot of California street, and of such damage she can recover only so much as accrued to her before the commencement of this suit and after the twenty-ninth day of November, 1891." Section 3283 of the Civil Code provides: "Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof." By this section of the code, plaintiff was entitled to recover damages suffered subsequent to the filing of the complaint, and for this reason the instruction given is unsound as a proposition of law. Neither was a supplemental pleading necessary to support such a recovery. This court said in *McLennan* v. *Ohmen*, 75 Cal. 558: "Besides, plaintiff was entitled, under his original complaint, to recover damages for detriment resulting after the commencement of his action." In line with the legal principle declared by the aforesaid section of the code, see *Morgan* v. *Reynolds*, 1 Mont. 163; Greenleaf on Evidence, sec. 268 *a.*

That plaintiff was entitled to recover damages accruing subsequent to the commencement of the action is substantially conceded by defendant, but it is now claimed that during the progress of the trial plaintiff repudiated and disclaimed any intention or purpose of making any claim of damages of that character. The record facts to establish any such disclaimer are wanting. The following are the facts relied upon: Question, by plaintiff's attorney: "Now, Mrs. Hicks, tell us what you have been damaged by reason of this washout, of this cut, on Colton avenue.

"*Mr. Rowell.* To which we object, unless the testimony is directed to a time prior to the commencement of this action, or up to and including the date of its commencement, on the ground that any evidence of damage subsequent to that time would be incompetent, irrelevant, and immaterial.

"*Mr. Waters.* I state that I desire to limit the proof to the damages occurring within three years next before the filing of the complaint in this case, and down to the time that the complaint was filed; and in addition to that, inasmuch as all the damage which has occurred has related to the same tract of land and the same form, in order to divide the damages it would scarcely be possible for me to separate the evidence, to begin with, according to a definite and certain standard, but I will come as near it as I can so as to only reply to in this trial upon evidence as to the injury which has resulted within three years prior to the bringing of the suit, and such other damages which may have resulted proximately from the injury done to the time of the complaint.

"*The Court.* I am clearly of the opinion that it should be limited to two years, and that will be the order of the court. To which ruling plaintiff then and there duly accepted.

"Q. State, Mrs. Hicks, any damage that may have occurred to you by reason of that wash subsequent to the filing of the complaint in this case, as well as also any damage that will certainly occur to you in the future.

"*Mr. Rowell.* To which we object as irrelevant, immaterial, and incompetent, and not responsive to any issue tendered by the pleadings, and at a date subsequent to the commencement of the action.

"*Mr. Annable.* And is not limited to the injury arising from anything occurring within two years next preceding the commencement of the action.

"*The Court.* It will be sustained on the last statement of Mr. Annable's. To which ruling plaintiff then and there duly excepted."

As to the testimony of the witness Baxter, the record discloses:

"Q. What amount would you say was the damage sustained on either or both—to the place by reason

of the washing on either or both of the streets since November 29, 1893?

"The defendant objects to that, for the reason that there is no foundation laid for it in any of the allegations of the complaint. They don't allege in the complaint that it is a continuing damage, but it says that the damage accruing up to the time of the filing of the complaint, without alleging any continuing or threatening to continue damage, and we object to this as irrelevant and immaterial under the allegations of the complaint.

"The court sustains the objection, and the plaintiff then and there duly excepts."

It will be observed that the ruling of the court upon the question addressed to the witness Baxter was in no way based upon any disclaimer upon the part of the plaintiff, but was a direct ruling upon the legal admissibility of certain evidence. Indeed, such were the rulings of the court upon the evidence of the plaintiff herself. The objection to her testimony upon this point was sustained upon the express ground that the damage covered by the question was not limited to a point of time prior to the commencement of the action. Mr. Annable's objection contained a limitation as to time, but the question addressed to the witness related solely to a time subsequent to the filing of the complaint, and the ruling was squarely direct upon the issue. It is further suggested that the error, if one occurred, was harmless, by reason of the fact that evidence upon the same matters was subsequently admitted. In view of the instructions of the court heretofore quoted, wherein such evidence is expressly taken from the consideration of the jury, the error, both in the ruling of the court and the giving of the instruction, is clearly prejudicial and demands a new trial of the case.

The jury was instructed as follows: "If the jury find from the evidence that the plaintiff has sustained any damage by the act of defendant, as she has complained against him, and that by the same act she has received

benefit, then, in estimating such damage, such benefit should be. deducted." This instruction was correct. (Field on Damages, sec. 744; Sutherland on Damages, sec. 1056.) There is nothing in the contention that such incidental benefit accruing to plaintiff should be pleaded by defendant. Neither are we required to pass upon the sufficiency of the evidence to support the verdict, owing to the fact that a new trial is ordered upon other grounds.

Upon a retrial of the case that portion of the charge to the jury containing the phrase "width and depth," referring to the condition of the washout upon California street and Colton avenue, should be modified by using the disjunctive conjunction "or," rather than the copulative "and." It becomes unnecessary to pass upon the importance of this error.

For the reasons stated the judgment and order are reversed and cause remanded for a new trial.

VAN FLEET, J., and HARRISON, J., concurred.