[L. A. No. 444.   Department Two.—November 30, 1898.]

ANDRES DANERI, Respondent, v. SOUTHERN CALIFOR-
NIA RAILWAY COMPANY, Appellant.

Consequential Injury to Land—Deflection of River by Levee—Trespass—Case—Statute of Limitations.—An action for damages for injury to the plaintiff's land, caused by the deflection of a river into a new channel, as the result of the construction of a levee by the defendant, is not for a "trespass upon real property," within the meaning of subdivision 2 of section 338 of the Code of Civil Procedure, limiting three years for the commencement of such an action; but it is in the nature of an action upon the case, at common law, for a consequential injury, and is barred in two years by subdivision 1 of section 339 of the same code.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court, and in the case therein first referred to.

C. N. Sterry, and Henry J. Stevens, for Appellant.

Works & Lee, for Respondent.

HENSHAW, J.—Appeals from the judgment and from the order denying defendant a new trial.

The action was prosecuted to recover damages from defendant for injuries caused to plaintiff's land. For the facts and for the circumstances giving rise to the cause of action reference may be had to the case of *De Baker v. Southern Cal. Ry. Co.*, 106 Cal. 257; 46 Am. St. Rep. 237. While the De Baker lands were riparian to the stream, the lands of this plaintiff were about six miles distant therefrom, but the new channel formed by the deflected river waters cut through the lands of plaintiff, to their great injury. In all other respects pertinent to this consideration the facts set forth in the De Baker case are applicable to the case at bar.

The levee which deflected the water of the river was completed in March, 1888. In the latter part of the month of December, 1889, the river cut its new channel. The original complaint in this action was filed on April 1, 1892. Plaintiff was allowed to file an amended complaint, and to the amended complaint defendant by demurrer urged the bar of the statute of limitations. The trial court entertained the plea, but overruled the demurrer. If the injury was direct and resulted immediately from the construction of the levee, the cause of action was clearly barred, since the original complaint was filed more than four years after the levee was completed. But, if, however, the cause of action arose in December, 1889, when the new channel was cut through the lands of plaintiff, it is to be determined whether the action is an action for trespass upon real property, in which case, having been brought within three years, the statute did not bar a recovery (Code Civ. Proc., sec. 338, subd. 2), or whether it was an action upon a liability under section 339, subdivision 1, of the Code of Civil Procedure, in which latter case, having been brought more than two years after the cause of action arose, it is barred. At common law such an action would not have been trespass, but an action on the case. While the forms of actions have been abolished in this state, yet when our statute of limitations speaks of an action for trespass

upon real property, for the meaning of the word "trespass," as thus used we must go to the common law and nowhere else. In *Hicks v. Drew,* 117 Cal. 305, the question was elaborately considered and many of the authorities reviewed. That case is not dissimilar to the one at bar. The conclusion expressed is in accordance with the great weight of authority, that the action there was not trespass, but on the case. *Hicks v. Drew, supra,* correctly states the law, and we regard it as decisive of the proposition. But in the case of *De Baker v. Southern Cal. Ry. Co., supra,* which was in its facts well nigh identical with the present action, and where the nature of the injury and the cause giving rise to it were in fact identical, it is said: "There was no taking of plaintiff's property in this case, either according to the facts alleged or facts found, even if tested by the doctrine of *Pumpelly v. Green Bay etc. Co.,* 13 Wall. 166, which has been held to be an extreme case. Neither was the damage to it the natural, certain, and immediate consequence of the facts alleged." Unless the damage was the natural, certain, and immediate consequence of the wrong complained of, then unquestionably the action of trespass did not lie.

This conclusion renders unnecessary a consideration of the other points ably presented by counsel upon either side.

The judgment and order are reversed and the clause remanded, with instructions to the trial court to sustain defendant's demurrer, upon the ground that the cause of action pleaded is barred by subdivision 1 of section 339 of the Code of Civil Procedure.

McFarland, J., and Temple, J., concurred.