HILL et al. v. EMPIRE STATE-IDAHO MINING & DEVELOPING CO.

(Circuit Court, D. Idaho, N. D.   January 24, 1908.)

1. LIMITATION OF ACTIONS—ACCRUAL OF RIGHT OF ACTION—ACTION FOR FLOWAGE OF LANDS.

A complaint alleging that defendant built and operated ore reduction works from which large quantities of waste material were discharged into a stream which in times of high water was carried down, obstructed the stream, and caused it to overflow plaintiff's lands lying on the stream below, and that poisonous matter contained in such material poisoned the soil and destroyed trees and vegetation on such lands, states a cause of action for recurrent flowage which did not accrue on the construction of defendant's works, but as to any particular injury at the time such injury was sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 305.]

2. SAME—STATUTE GOVERNING—IDAHO STATUTE.

Such an action is not one of trespass but on the case, to recover incidental and consequential damages resulting from the unlawful or negligent operation of defendant's works, and is not governed as to limitation by Rev. St. Idaho 1887, § 4054, subd. 2, which limits the time for bringing an action for trespass to three years.

At Law.   On demurrer to amended complaint.
See 156 Fed. 797.

A. G. Kerns, for plaintiffs.
Albert Allen and C. W. Beale, for defendant.

DIETRICH, District Judge.   By its demurrer, the defendant challenges the amended complaint upon three grounds: its sufficiency, its certainty, and the application of the statute of limitations.   That a cause of action is stated I have no doubt; and the plaintiffs having, by amendment, substantially complied with the views expressed in the decision on the demurrer to the original complaint, wherein it was suggested that certain features be pleaded with more directness and detail, there remains for consideration only the plea of the statute of limitations.

It is contended by the defendant that the entire claim of plaintiffs is barred by subdivision 2, § 4054, Rev. St. Idaho 1887; or, if not the entire claim, all damages accruing more than three years prior to the commencement of the action are barred by the subdivision referred to, which provides that an action for trespass upon real property must be commenced within three years.

The action was commenced on the 27th day of August, 1906. The material facts exhibited by the amended complaint are that the plaintiffs have for a great many years been in the possession, as owners or otherwise, of a tract of agricultural land riparian to the South Fork of the Coeur d'Alene River in Shoshone county, Idaho, and that in June, 1898, the defendant erected and commenced the operation of reduction works, consisting of an ore crusher and a concentrator, near Canyon creek, a tributary of the South Fork of the Coeur d'Alene River, some distance above the lands referred to as belonging to the plaintiffs. These reduction works were operated continuously during the period from June, 1898, to September 1, 1903; and it is alleged that while the same were being so operated the defendant daily discharged therefrom into the channel of Canyon creek from 500 to 1,000 tons of tailings and waste material, the same being permeated with noxious slimes and other poisonous substances; that, as a consequence, the channel of the stream became partially filled up with refuse, and during periods of high water this refuse, including the poisonous substances, was carried down the stream, and, obstructing the channel, caused the water to overflow, and to deposit the débris upon plaintiffs' land, poisoning the soil, and destroying the trees, grasses, and other vegetation growing thereon. It is further averred that these overflows and deposits continued up to the time suit was commenced, and that they would continue from time to time during seasons of high water, so long as any of the waste material remained in the channel of Canyon creek.

Two general questions have been discussed: First, when did the period of limitations commence to run; and, second, by what section or subdivision of the statute is the period prescribed. Counsel for defendant contends that the statute commenced to run immediately upon the construction of the reduction works in June, 1898, and counsel for the plaintiffs maintains the view that the entire claim for damages is a unit, and that the cause of action "accrued" only upon the filing of the complaint. Defendant's theory is based upon a general allegation in the complaint, to the effect that, by reason of the defendant's wrongful acts, the plaintiffs "have been deprived of the free use and enjoyment and possession" of their lands from the time of the commencement of defendant's mining operations in June, 1898. It is insisted that this language should be construed to mean that the wrong was fully consummated, and the ensuing damage was complete, and the plaintiffs were dispossessed, immediately upon the commencement of the defendant's mining operations. But, even if this general allegation stood alone, such construction would be unnecessary, if not unnatural, and, in the light of other portions of the complaint, it must be rejected. A court will look beyond the form for the substance, and in construing a pleading, where the facts are explicitly averred, epithets and inferences not in harmony therewith will be disregarded. Applying this principle, the complaint must be regarded as exhibiting a case of recurring injury to plaintiff's lands, due to the operation by the defendant of a lawful enterprise in an unlawful or careless manner. There is no allegation of the absolute destruction of the entire tract of land, or of any part of it at any time, but, upon the other

hand, it is charged that from day to day, for more than four years, defendant continued to cast into Canyon creek large quantities of poisonous waste, and that, up to the commencement of the action, from time to time, by reason of spring and other freshets, this was carried down and discharged upon plaintiffs' land, and that "ever increasing quantities of the land" were thereby overflowed.

Moreover, the damage for which recovery is sought is not the direct, but only the consequential, result of the defendant's acts. So far as appears, it had the right to erect and operate its reduction works, and, in casting into Canyon creek its waste material, it infringed upon no right of the plaintiffs. It was only by reason of the intervening agency of high water, the effect of which was uncertain and contingent, that the defendant's acts indirectly resulted in the injury to plaintiffs' land. Nor can I adopt the plaintiffs' view that no right of action accrued until the complaint was filed. Primarily, the action is one to recover damages for the wrongful flooding of land, and, on principle, there is no essential difference between this case and one where lands are flooded by reason of the careless construction or maintenance of a railroad embankment or bridge, with insufficient provision for taking care of the water of a natural waterway. The fact that the waters which were thrown upon the plaintiffs' land carried thereon poisonous substances, only aggravates the injury, and does not, in law, essentially differentiate the cause of action from the ordinary case of flowage.

The rule is that in case of a nuisance of a permanent character, by the maintenance of which the property of another will be directly and necessarily damaged, a right of action in favor of the person injured accrues at once upon the erection of the objectionable structure, and in one action recovery may be had for the entire damage, both past and prospective, and the statute of limitations begins to run at once. But, upon the other hand, if the structure be a permanent one, and it may or may not be injurious, and the damage in question does not necessarily and directly flow from its creation or maintenance, no cause of action accrues in favor of any person until such person has received actual injury, and the statute of limitations begins to run only when, and immediately when, actual damage has been inflicted. Successive actions may be brought, in each of which recovery may be had for all damages actually suffered within the period of limitations, regardless of the date of the erection of the structure, to the maintenance of which the damage is indirectly due. The rule is well stated in a note to section 180 of Wood on Limitations (3d Ed.), where it is said:

"In actions for flooding land, limitation begins only when actual damage is sustained therefrom, and not when defendant's dam or other cause of injury is created; and the fact that the first flowage is already barred does not defeat a suit for such continuance of the wrong as occurs within the time limited by the statute."

See, also, Angell on Limitations, 300; Gould on Water Rights (3d Ed.) §§ 210, 343; Brewing Company v. Compton, 142 Ill. 511, 32 N. E. 693, 18 L. R. A. 390, 34 Am. St. Rep. 92; Prentiss v. Wood, 132 Mass. 486; Consolidated Home Supply Co. v. Hamlin, 6 Colo. App. 341, 40 Pac. 582; St. Louis R. R. Co. v. Biggs, 52 Ark. 240, 12 S. W. 331, 6 L. R. A. 804, 20 Am. St. Rep. 174; Power v. Munger, 52

Fed. 705, 3 C. C. A. 253; Wilcox v. Plummer, 4 Pet. 172, 7 L. Ed. 821; Baltimore & P. R. Co. v. Fifth Baptist Church, 137 U. S. 568, 11 Sup. Ct. 185, 34 L. Ed. 784; Sterrett v. Smelting Co., 30 Wash. 164, 70 Pac. 266.

Applying the rule thus stated (and there seems to be little diversity of opinion), it must be held that no right of action accrued to the plaintiffs until their lands were actually injured, and that, as to any particular damage, the statute of limitations commenced to run immediately when such damage was actually suffered.

Assuming that the defendant was negligent in casting into Canyon creek poisonous substances, and in filling the channel of the stream therewith, and in not taking proper precautions to impound such waste material and prevent it from being discharged upon plaintiffs' land, such negligence of itself did not constitute a right of action in favor of plaintiffs. Negligence alone does not create a right of action. There must be negligence and resulting damage, and until the waters overflowed the plaintiffs' land they could not have recovered even nominal damages.

There is no merit in plaintiffs' contention that the adoption of the view that, as to any stated damage, the statute begins to run from the time the injury is actually inflicted would impose upon the plaintiffs great hardship and render it difficult, if not impossible, to make proof of the damages suffered within the period of limitation. Under such view, it is not necessary, as claimed, to prove upon what day each particular foot of soil or each particular tree or other species of vegetation was injured or destroyed. Even if it were assumed that the period of limitations is three years (and neither party contends that it is less than that), the plaintiffs would be under the necessity of proving only the condition of the land and vegetation at the beginning and the condition at the end of the three-year period; and this would involve no great difficulty.

It is further contended by counsel for plaintiffs that this court is bound by an expression found in the majority opinion in the case of Hill v. Standard Mining Company et al., 12 Idaho, 223, 85 Pac. 907, upon the theory, I assume, although it is not expressly stated, that the federal courts, in applying a state statute, will adopt the construction placed thereon by the state courts. It is true that in that case a cause of action similar to that alleged herein was relied upon, the plaintiffs there being the plaintiffs here. Chief Justice Stockslager, in the course of the opinion, says, that "plaintiffs could have commenced their action when the damage first developed, or they may wait until their property is entirely destroyed and rendered valueless for any purpose, and then sue to recover the value of the property in damage." To that extent, and that only, is the question discussed. It would be a sufficient reply to the contention now made, that in using this language, the Idaho Supreme Court was not construing, or professing to construe, any statute of the state of Idaho. No section or subdivision of the statutes was referred to, and the expression purports to be a statement only of a general principle of law, and is not based upon the construction of any statute of the state. Moreover, it is not apparent how such question could, upon the record in that case, have been presented to the

court for decision. The lower court had sustained a demurrer to the plaintiffs' amended complaint, and, the plaintiffs declining to plead further, a judgment had been entered dismissing the action, from which judgment an appeal was taken to the Supreme Court. The only action of the trial court assigned as error was the order sustaining the demurrer. Both the complaint and the demurrer are set forth in the opinion, and it appears therefrom that all of the wrongful acts of the defendants, by which plaintiffs claimed to have been damaged, were committed within three years prior to the commencement of the action, and the statute of limitations is not pleaded in the demurrer. The question is not referred to in a concurring opinion filed by Justice Ailshie, nor is it mentioned in the syllabus which was prepared by the court. It is obvious that the expression is a mere dictum, and was so regarded by the court itself.

As has already been stated, the defendant maintains that if the entire claim is not barred, all that portion of the claim which relates to damages actually suffered prior to August 27, 1903, is barred by the provision of the statute I have referred to; and, if this provision is applicable, this view should prevail. Plaintiffs, however, insist that this provision is not applicable, but that the case comes within section 4060, which provides that "an action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." Whether the case is governed by section 4060 or by some other provision of the statutes not pleaded, should perhaps be left open for future consideration; but I am of the opinion that the subdivision pleaded is not applicable. As has been already stated, in erecting and operating its reduction works, the defendant did not dispossess the plaintiffs or invade or infringe upon any of their property rights. The damages complained of did not flow directly from the erection and operation of the reduction works, but they were the indirect and consequential results thereof. This must therefore be considered not an action in trespass, but upon the case. See Hicks v. Drew, 117 Cal. 305, 49 Pac. 189; Daneri v. Railroad Co., 122 Cal. 507, 55 Pac. 243. I have not overlooked the earlier case of Atkinson v. Canal Co., 53 Cal. 102, where the provision of the California Code, corresponding to the subdivision relied upon by defendant, was held applicable. But in that case the tailings appear to have been discharged by the defendant directly upon the plaintiff's lands.

It follows that the demurrer must be overruled. The defendant is given 30 days from this date in which to serve and file its answer.