[Civ. No. 3310. First Appellate District, Division One.—April 9, 1920.]

ALBERT L. BRUSH, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE — CONSTRUCTION OF BRIDGE — OBSTRUCTION OF STORM WATERS — ACTION FOR DAMAGES — EVIDENCE—STATEMENT OF DEFENDANTS' EMPLOYEE.—In an action for damages for injury to land caused by the obstruction of storm waters by a bridge alleged to have been negligently constructed and maintained by the defendants, the testimony of a witness that an employee of the defendants, who was not in any way connected with the defendants at the time the bridge was constructed years before but who examined the bridge some time after the overflow, stated that the bridge was not properly constructed because of the piling being driven diagonally across the stream, is inadmissible as a

---

1. Admissibility as *res gestae* of statements made by agent or servant some time after accident, note, 42 **L. R. A. (N. S.)** 918.

declaration by the employee against his employer, the conversation in question not being part of the *res gestae.*

[2] ID.—CONSEQUENTIAL INJURY — NATURE OF ACTION — STATUTE OF LIMITATIONS.—An action for damages for injury to land caused by the obstruction of storm waters, as the result of the construction of a bridge, is not for a trespass upon real property, but is in the nature of an action upon the case at common law for a consequential injury, which is not barred by the statute of limitations if commenced within two years after the receipt of such injury.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Reversed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert for Appellants.

Bradner W. Lee, Kenyon F. Lee and Bradner W. Lee, Jr., for Respondent.

WASTE, P. J.—Plaintiff brought this action, alleging that the defendants so negligently constructed, and maintained, a bridge over a waterway, or "wash," extending from the San Dimas Canyon, in the Sierra Madre Mountains, that during an unusually heavy rainfall, in the months of January and February, 1914, large quantities of trees, rocks, orchard cuttings, railroad ties, planks, and other debris were carried by the water, and accumulated against and between the piling of said bridge, clogging up the waterway, causing the water to dam up for a distance of eight hundred feet back of the bridge, destroying seventy-five orange trees, and injuring five hundred others; also causing gravel to be deposited over about six acres of plaintiff's land, to a depth of one to three feet. Judgment was entered for the plaintiff for the sum of seven thousand two hundred dollars, after a verdict for that amount by a jury, and the defendants appeal.

In defense of the action the defendants set up that the lands described in plaintiff's complaint were, as a matter of fact, part of the natural course and bed of the San Dimas wash, which the plaintiff set about to reclaim; that, by reason of the construction of a retaining wall by the plaintiff, along the natural line of the bank of the wash, in said

work of reclamation, the water was prevented from following its natural course; and, further, that the bridge was of substantial construction, erected in 1884, permanent in its nature, and that any cause of action against the defendants by reason of the faulty erection of the bridge, was barred by the statute of limitations. Defendants also alleged an unprecedented amount of rainfall as the cause of the excessive flow in the waterway.

The judgment must be reversed. [1] After the overflow W. H. Whalen, division superintendent of the Los Angeles division of the defendant Southern Pacific Company, made an examination of the bridge. Over the objection of the defendants, witness Carlson was permitted to testify that upon the occasion of this inspection Whalen stated that the bridge was not properly constructed because of the piling being driven diagonally across the stream. The purpose of the introduction of this testimony was to show that the bridge was an obstruction to the stream. The admission of this testimony was error. The conversation not being part of the *res gestae* was inadmissible as a declaration by the employee against his employer. (*Silveira* v. *Iversen,* 128 Cal. 187, 191, [60 Pac. 687].) The bridge was constructed many years before the division superintendent became in any way connected with defendant, and the declaration, if made by him concerning it, was inadmissible as not made in regard to a transaction in the course of his agency depending at the very time of the declaration. (*Beasley* v. *San Jose Fruit Packing Co.,* 92 Cal. 388, [28 Pac. 485]; *Umstead* v. *Automobile Funding Co. of America,* 44 Cal. App. 16, [185 Pac. 1011].)

Respondent seeks to justify the admission of this testimony upon the theory that it was alleged in the complaint, and denied in the answer, that the defendants knew, or could have known by the exercise of ordinary diligence, that it was necessary for them to keep said bridge open, and free and clear of all debris, in order that the natural flow and free passage of rain and storm water, and such debris, would not be prevented. It is also urged that Whalen's declaration should not have prejudiced defendants, because they themselves developed that the wooden pile bridge had been removed and a steel span bridge suspended after the damage. Whalen was himself called to the stand and denied Carlson's

testimony.   Respondent argues, therefore, that it was for the jury to decide which of the two men to believe.   None of these contentions remove the testimony from the application of the rule adhered to in the foregoing authorities.

[2]   Appellants contend that the cause of action of the plaintiff is barred by the statute of limitations, not having been begun within either two or three years following the erection of the bridge which was proved to be a permanent structure.   They take the position that the limitation period for injury to land, under such circumstances, begins to run from the completion of the structure, although the injury may occur during periods of high water, during successive years thereafter.   Appellants have misconstrued the nature of the present action.   It is not one to recover for an injury, direct and resulting immediately, from the construction of the bridge, but relates to damages which were an after-result from the erection of that structure.   In other words, the action for damages for the injury to the plaintiff's land, caused by the obstruction of the storm waters in San Dimas Canyon, as the result of the construction of the bridge by the defendants, is not for a trespass upon real property, but it is in the nature of an action upon the case at common law for a consequential injury.   (*Daneri* v. *Southern California Ry. Co.*, 122 Cal. 507, [55 Pac. 243] ; *Hicks* v. *Drew,* 117 Cal. 305, 309, [49 Pac. 189].)

The true rule as to the application of the statute of limitations in such cases is stated by Mr. Redfield in his work on Railways (sixth edition, volume 1, page 595) as follows: "The general rule in regard to the time of the accruing of the action is, that when the act or omission causes direct and immediate injury, the action accrues from the time of doing the act; but where the act is injurious only from its consequences, as by undermining a house or wall, or causing water to flow back at certain seasons of high tide or high water, the cause of action accrues only from the consequential injury."

The case at bar falls within the decision of *St. Louis etc. Ry.* v. *Biggs,* 52 Ark. 240, 244, [20 Am. St. Rep. 174, 6 L. R. A. 804, 12 S. W. 331], where the supreme court of Arkansas said: "Whenever the nuisance is of a permanent character, and its construction and continuance are *necessarily* an injury, the damage is original, and may be at once

fully compensated. In such case the statute of limitations begins to run upon the construction of the nuisance. (*St. Louis etc. Ry. Co.* v. *Morris,* 35 Ark. 622; *Little Rock etc. Ry. Co.* v. *Chapman,* 39 Ark. 463.) But when such structure is permanent in its character, and its construction and continuance are *not necessarily* injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened, and there may be as many successive recoveries as there are successive injuries. In such case the statute of limitations begins to run from the happening of the injury complained of. (Citing cases.)''

The building of the bridge by the defendants was not of itself a nuisance or an invasion of plaintiff's rights, but became so only when, by reason of its alleged faulty construction, it diverted the storm waters and debris from the usual channel upon plaintiff's land. (*International etc. R. Co.* v. *Kyle* (Tex. Civ. App.), 101 S. W. 272; *St. Louis etc. Ry. Co.* v. *Hoshall,* 82 Ark. 387, [102 S. W. 207]; *Texas & P. Ry. Co.* v. *Ford,* 54 Tex. Civ. App. 312, [117 S. W. 203]; *Hill* v. *Empire etc. Co.* (Idaho), 158 Fed. 881.) Suit in the instant case having been commenced within two years after the receipt of these consequential injuries by plaintiff, his causes of action were not barred by the statute of limitations. (*Daneri* v. *Southern California Ry. Co.,* 122 Cal. 507, [55 Pac. 243]; *Hicks* v. *Drew,* 117 Cal. 305, 309, [49 Pac. 189].)

The authorities relied upon by appellants to the contrary deal with cases where injuries caused by permanent structures infringed immediately upon plaintiff's rights. Such instances are, where water is permanently polluted, streams immediately caused to flow back on adjacent land, and currents of a river turned aside by permanent dikes, at once begin to cut into the opposite bank. They do not deal with cases similar to the one at bar, where a permanent and lawful structure has for many years existed without any consequential injury resulting from its construction.

The appellants complain of the giving of certain instructions and of the refusal of the trial court to give others. Taking the charge as a whole, we think the jury was properly instructed.

The judgment is reversed.

Richards, J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1920.

All the Justices concurred.