[Civ. No. 15311. Second Dist., Div. Three. May 16, 1947.]

GEORGE CHARLES SMITH, Appellant, v. MATTIE STUTHMAN, as Executrix, etc., Respondent.

Russell H. Pray and Samuel J. Nordorf for Appellant.

Denio, Hart, Taubman & Simpson for Respondent.

SHINN, Acting P. J.,—This is an appeal from an order dismissing an action for slander of title to real property, on the ground that such a cause of action did not survive the death of the original defendant, Myrtle E. Smith, defendant's

testate, the alleged wrongdoer. The alleged slander of title consisted of the recording of a *lis pendens* in an action for divorce by Myrtle E. Smith against plaintiff herein, in which the former was claiming an interest in the real property.

█ Slander of title is a tort action for redress of an invasion of a particular property right, that of immediate salability of the property involved. (*Coley* v. *Hecker*, 206 Cal. 22, 27 [272 P. 1045] ; Restatement, Torts, § 624.) █ As a cause of action arising out of a violation of a property right it survives the death of its owner. (Civ. Code, § 954; *Wikstrom* v. *Yolo Fliers Club*, 206 Cal. 461, 464 [274 P. 959].) It has been held that it necessarily follows that such a cause of action also survives the death of the defendant. (*Vragnizan* v. *Savings Union etc. Co.*, 31 Cal.App. 709, 713 [161 P. 507].)

Respondent contends, however, that in California the survival of causes of actions involving property rights after the death of the defendant is governed exclusively by sections 573 and 574 of the Probate Code, and that section 574 alone applies to the instant case. Assuming these contentions to be correct (without so deciding), the question is presented whether section 574 authorizes the survival of the cause of action of slander of title to real property.

The order appealed from was entered and this case was briefed prior to the decision of our Supreme Court in *Hunt* v. *Authier*, 28 Cal.2d 288 [169 P.2d 913]. Apparently counsel for both parties labored under the erroneous impression, doubtless derived from the language and statutory history of section 574, that the greater portion of the section applied only to tangible personalty and that the only portion which covered real property was the phrase ''or committed any trespass on the real property of such person.'' As a consequence the briefs as respects section 574 are limited to argument over the meaning of the words ''trespass on real property.'' Respondent argues that the last-quoted words embrace only such causes of action as were covered by the common law action of trespass, as distinguished from trespass on the case, and that slander of title to real property comes within the latter category. ''Trespass upon real property,'' as used in section 338 of the Code of Civil Procedure (relating to the periods of limitation) has been given the restricted meaning urged by respondent. (*Hicks* v. *Drew*, 117 Cal. 305, 308-310 [49 P. 189] ; *Daneri* v. *Southern Cal. Ry. Co.*, 122 Cal. 507, 508-509 [55 P. 243] ; *Porter* v. *City of Los*

*Angeles,* 182 Cal. 515, 518 [189 P. 105] ; *Brush* v. *Southern Pac. Co.,* 47 Cal.App. 54, 57 [190 P. 216].) Appellant takes issue with both points of this argument and claims that ''trespass on real property,'' as used in section 574, should include the causes of action embraced within the common law action of trespass on the case as well as those contained within the common law action of trespass. This position conforms to the broad view of trespass taken in *Coley* v. *Hecker, supra,* at page 28 : ''The trend of the decisions of this court is generally in accord with the doctrine, whenever the question has come before it, that trespasses may be committed by consequential and indirect injuries as well as by direct and forcible injuries.''

We believe that under section 574 of the Probate Code, as construed in *Hunt* v. *Authier, supra,* a cause of action for slander of title to real property survives the death of the defendant. Our Supreme Court there said, at page 295 : ''The change of the term 'goods and chattels' to the all-inclusive word 'property' in section 574 requires that the intent of the Legislature be given its proper effect by the recognition of every property right or interest as 'property' within the meaning of the section, and that the waste or destruction thereof need not have been the result of a direct injury. That change clearly indicates an intent to place no restrictions or limitations on the types of property for the injury to which compensation may be recovered from the estate of the wrongdoer, and to make no distinction as to the method by which such destruction or injury is effected.'' The court further said, at page 296 : ''The Legislature has definitely spoken by the amendment of our statute so as to enlarge the class of property rights and interests which shall receive protection in the event of the death of the wrongdoer. Where the Legislature has so provided the courts should not countenance a tortious deprivation of property without redress.'' In view of this declaration by the Supreme Court as to the broad purpose of the Legislature in making use of the word ''property,'' we must construe the words ''trespass on real property'' to include consequential injuries, such as slander of title, as well as direct injuries.

Respondent has raised in her brief the further contention that the order of the trial court should be affirmed, on the ground that one spouse cannot sue the other for damages in tort. This defense was not pleaded and it was

not stated as a ground of the motion to dismiss the action. Accordingly, respondent cannot now avail herself of its protection. (*Royal Con. Min. Co.* v. *Royal Con. Mines Co.*, 157 Cal. 737, 761 [110 P. 123, 137 Am.St.Rep. 165].) █ A defense in the nature of a defense in abatement is presumed to be waived if not made before the trial court. (*Preston* v. *Knapp*, 85 Cal. 559, 561-562 [24 P. 811].) In any event it is extremely doubtful whether the claimed incapacity to sue extends to actions seeking to protect property rights. (*Peters* v. *Peters*, 156 Cal. 32, 36 [103 P. 219, 23 L.R.A.N.S. 699].)

The order dismissing the action is reversed and the case is remanded to the trial court for further proceedings.

Wood, J., and Kincaid, J. pro tem., concurred.