EDGAR H. NEWTON *vs.* THE NEW YORK AND NEW ENG-
LAND RAILROAD COMPANY.

Hartford Dist., Oct. T., 1887.  PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The Practice Act, which abolished the common law forms of action, pro-
vided that the statute of limitations available in those actions should be
available to the same extent against a complaint founded on the proper
subject matter of such actions.  The act of 1881 (Session Laws,
ch. 92) provides that a railroad company shall be liable for an injury
to property by fire communicated by its locomotive engine, where
there is no contributory negligence on the part of the person in
charge of the property.  Held—

1. That the statute is not a penal one, limiting an action upon it to one
year.
2. That an action of trespass would not have been an appropriate remedy
at common law, and that the action therefore was not limited to three
years.
3. That an action on the case would have been the appropriate remedy,
and that the action could therefore be brought within six years.

[Argued October 4th—decided November 18th, 1887.]

ACTION to recover for an injury to property of the plaint-
iff by fire from a locomotive engine of the defendants;
brought originally before a justice of the peace, and, by ap-
peal, to the Superior Court in Windham County.  The
complaint was as follows:—

On the 2d day of June, 1883, the defendant was a rail-
road corporation engaged in operating a railroad running
through the town of Hampton, in the county of Windham,
and in operating said railroad said corporation made use of
locomotive engines operated by steam power.  On said 2d
day of June, at said town of Hampton, the defendant com-

municated fire to certain lands of the plaintiff lying partly in said Hampton and partly in Chaplin, by and from a certain locomotive engine, which fire, so communicated, spread over and upon said lands and premises of the plaintiff, and burned up, consumed and injured a large quantity of fence, wood, trees, timber, undergrowth, herbage and turf belonging to the plaintiff and being upon said land. The plaintiff was not guilty of contributory negligence. On the 7th day of June, 1883, and within twenty days after said fire, the plaintiff gave to the defendant written notice of said fire and of his claim of damage thereunder, specifying the day and hour of said fire, the property injured, and the amount claimed as damage therefor, as provided by law in such cases. The plaintiff claims one hundred dollars damages.

The action was brought on the 18th and served on the 20th of September, 1886.

The defendants pleaded a general denial and the following additional defenses :—

*Second Defense.*—The right of action for the cause stated in the complaint did not accrue within one year next before the commencement of this action.

*Third Defense.*—The right of action did not accrue within three years next before the commencement of this action.

To the last two defenses the plaintiff demurred, and the court (*Fenn, J.,*) held them insufficient, and rendered judgment for the plaintiff. The defendants appealed.

*S. E. Baldwin*, with whom was *G. A. Conant*, for the appellants.

*E. B. Sumner*, for the appellee.

BEARDSLEY, J. This is an action by complaint dated September 18th, 1886, to recover damages for injury to property of the plaintiff by fire, alleged to have been communicated to it by the defendant's locomotive on the 2d day of June, 1883. The action is brought under the following statute :

"Whenever any injury is done to a building or other property of any person * * * by fire communicated by a locomotive engine of any railroad corporation, without contributory negligence on the part of the person, * * * the said corporation shall be held responsible in damages to the extent of such injury," etc.   Session Laws of 1881, ch. 92, sec. 1.

There is no allegation in the complaint that the fire was caused by the negligence of the defendants.

The defendants allege in their answer, first, that the right of action for the cause stated in the complaint did not accrue within one year next before the commencement of the action, and second, that such right of action did not accrue within three years next before the commencement of the action.   The plaintiff demurs to these allegations in the answer, and the question presented is whether the plaintiff's right of action is barred by the statute of limitations.   The defendant claims that it is so barred, first, upon the ground that the statute is a penal one, and a suit to recover the penalty imposed by it must therefore be brought within a year after the right of action accrues.   Gen. Statutes, p. 494, sec. 10.   We see no reason for holding that the statute is a penal one.   In the case of *Burroughs* v. *Housatonic R. R. Co.*, 15 Conn. R., 124, this court held that a railroad company, free from negligence, was not liable for damage from fires kindled by sparks from their locomotive. The statute was passed to remedy what was regarded as a defect in the common law rule of liability thus established, by providing that railroad companies should be liable for such damage, though their own negligence did not contribute to it.   The companies are not subjected by it to a penalty, as for doing an unlawful act, but are made responsible for a consequence of the lawful use of their property and exercise of their rights.

But the defendants claim that if the statute is not a penal one, the proper remedy to enforce the liability created by it is an action of trespass, which is barred by the statute of limitations, the provision of that statute being that actions

of trespass shall be brought within three years and actions on the case within six years next after the right of action shall accrue. Gen. Statutes; p. 494, secs. 6, 7.

Since the enactment of that statute the distinction, in the forms of actions has been abolished by the Practice Act, so called, but by a provision of that act the defense of the statute of limitations "available in any form of action, shall be available in like manner and to the same extent against the complaint founded on the proper subject matter of such an action." The question therefore is whether trespass or case would at common law have been the appropriate form of action under the statute.

This of course depends upon the allegations in the complaint. They follow in substance the language of the statute, and are to be similarly construed, and the language of the statute is to receive a rational construction as applied to the subject to which it relates. The only liability to fires from railroad locomotives, and indeed the only conceivable way in which they could communicate them, is from sparks emitted from the smoke stack, or live coals dropped upon the track being carried by the wind into contact with some combustible material.

An action on the case would have been at common law the proper remedy to recover for damages so produced, whether the negligence of the company contributed to it or not, for at common law the decisive test as to the form of action to be adopted was not whether the injury was produced or not by the negligence of the defendants, but whether their act was an immediate injury to the person or property of the plaintiff or injurious only by consequence and collaterally. 3 Black. Comm., 123.

The liability of innkeepers and common carriers for the loss or damage of the goods of their customers, does not depend upon their negligence, but case is at common law a proper action to enforce it.

The defendants make the further claim that the action is barred by the provision in the statute that "no action founded upon any express contract or agreement not reduced

to writing, etc., shall be brought but within three years next after the right of action may accrue."

They argue that inasmuch as the defendants' charter subjects them to "all the restrictions, duties and liabilities set forth in the general laws which now are or hereafter may be in force relating to railroad corporations," the defendants by accepting it entered into an express unwritten contract, and that this action is founded upon it. If it were necessary to decide these questions we should probably hold that the company was responsible to the state only for a violation of the obligation imposed upon it by this provision of its charter, but if otherwise, and a contract was created by the company's acceptance of its charter upon which an individual might sue, such contract was not an express but an implied one.

It is unnecessary however to discuss these questions because it seems clear that even if, as the defendants claim, an express contract exists, this action is not founded upon it. The defendants are subject to the provisions of the statute under which the action is brought. It operated independently and *proprio vigore* to charge them with this liability, if they are liable, and is therefore the foundation of the action.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.