## THE PLATT BROTHERS AND COMPANY vs. THE CITY OF WATERBURY.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and RORABACK, Js.

The continuance of an actionable nuisance justifies a fresh suit from time to time for the recovery of the intermediate damages; and therefore a prior judgment is not a bar to a subsequent action for such damages.

This rule is applicable to the discharge of the accumulated filth and sewage of a city into a stream in such quantities as to destroy the value of the property of a lower riparian proprietor and endanger the health of his employees.

Private property cannot be put to such a public use except by legislative authority and upon payment of just compensation.

A suit by a lower riparian owner to recover damages for an injury to his property caused by an unlawful pollution of the stream, is one for which an action on the case would have been the proper form of remedy at common law, rather than an action of trespass; and therefore, under General Statutes, § 1111, may be brought at any time within six years next after the right of action accrues.

Argued June 11th—decided July 30th, 1907.

ACTION by a riparian owner to recover damages for injuries resulting from the defendant's deposit of sewage in the Naugatuck River above the plaintiff's land, brought to the Superior Court in New Haven County and tried to the court, *Thayer, J.;* facts found and judgment rendered for the plaintiff for $15,000, and appeal by the defendant. *No error.*

The plaintiff now owns and for many years last past has owned a tract of land two miles south from the city of Waterbury, with manufacturing establishments thereon, through which land flows the Naugatuck River. On said land there is a valuable water-privilege from which water is conducted artificially to the manufacturing establishments for the purpose of supplying water therein. In 1884 the defendant city, in pursuance of authority granted

by its charter, constructed sewers according to a sewerage system by which the contents of the sewers were discharged into the river at points about two miles above the plaintiff's said land.   These contents consisted not only of surface drainage, but of the refuse and filth accumulated on the land of citizens.   Some time subsequent to 1884 the quantity of such refuse and filth became so large in proportion to the volume of pure water in the river, that the waters of the river were inadequate to properly dilute the sewage, and at times the filth and noxious substances concentrated by the city and discharged into the river were necessarily carried over and upon the land of the plaintiff, and there created a nuisance dangerous to health and causing pecuniary loss to the plaintiff.

In 1891 the plaintiff brought to the Superior Court an action to recover of the city damages for the injuries which had been so caused prior to the commencement of that action, and also asking an injunction against the continuance of said nuisance.   The court assessed the damages sustained by the plaintiff up to the time of bringing the action, at $500, and on December 18th, 1898, rendered judgment for that amount and ordered that the city be enjoined against depositing sewage from its sewers into the river above the plaintiff's premises after the first day of December, 1902.

On March 19th, 1902, the plaintiff brought the present action.   The complaint alleges the plaintiff's ownership of the land and manufacturing establishments, as above described, and that the defendant city of Waterbury on April 24th, 1891 (the day following the date of the writ in the former action), and thence until March 19th, 1902 (the date of the writ in this action), has discharged from its sewers filthy and noxious substances into the Naugatuck River in such quantities that the water thereof was inadequate to dilute the same, and the same have been carried down the river over and upon the said land of the plaintiff, producing a nuisance dangerous to health, and that the plaintiff has suffered great loss and damage caused by said acts of the defendant done since April 24th,

1891, and since the commencement of said former action in which the plaintiff obtained judgment for damages caused by the acts of the defendant done prior to its commencement.

Upon the trial below, the defendant affirmed in its answer that it appeared in the records of the former action, that the cause of action therein stated was the same as that set forth in the present complaint, and that the judgment in the former action embraced all damage suffered by the plaintiff on account of said cause of action, including future damages that might accrue because of the continuance of said cause of action ; and claimed that the present action was barred by the former judgment of December 18th, 1898, and the payment of that judgment by the defendant; and that the cause of action on which both suits were founded being the same, it must have accrued prior to the commencement of the first action, and so the second action was barred by the statute of limitations. The court overruled these claims, and the appeal assigns this action as error.

The defendant also claimed that in any event the statute of limitations applicable to the plaintiff's action was contained in § 1115 of the General Statutes, and was a bar to so much of the plaintiff's cause of action as rested upon acts done more than three years before the date of the complaint. The court overruled this claim, and held that the plaintiff was entitled to recover for injuries suffered within six years prior to the date of the complaint. The appeal assigns this action as error.

*Lucien F. Burpee*, with whom was *John O'Neill*, for the appellant (defendant).

*John K. Beach*, for the appellee (plaintiff).

HAMERSLEY, J. The discharge by the defendant from its sewers into the Naugatuck River, of foul and noxious substances in such manner that the same are carried by

the river over the land of the plaintiff and there deposited, producing noxious and unhealthy gases, is an actionable wrong, and the nuisance thus produced is a public nuisance. *Nolan* v. *New Britain*, 69 Conn. 668, 678, 38 Atl. 703. Such a wrong causes legal injury from which damages necessarily result, although the plaintiff fails to prove that he has suffered any specific damages. *Watson* v. *New Milford*, 72 Conn. 561, 564, 45 Atl. 167. Every day's continuance of the acts causing such injury renders the defendant liable to a suit for injuries so caused. *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 250, 52 Atl. 947, 53 id. 57 ; *Waterbury* v. *Platt Brothers & Co.*, 76 Conn. 435, 442, 56 Atl. 856.

The fact that the defendant's charter authorizes it to construct the sewers in question and to acquire by right of eminent domain so much of the plaintiff's property as may be necessary for the public use of sewering the city of Waterbury, is no defense to the plaintiff's right to recover specific damage caused by nuisance upon the plaintiff's land, when no property of the plaintiff has been condemned for such public use. A judgment for all damage thus caused must cover all damage from the unlawful acts done prior to the commencement of the action in which it is rendered ; but additional damage caused by like subsequent unlawful acts may be recovered in another action, and the right to have the amount of such additional damage determined in an action at law cannot, without the plaintiff's consent, be taken away by instituting subsequent proceedings for the condemnation of the plaintiff's property. *Waterbury* v. *Platt Brothers & Co.*, 76 Conn. 435, 437, 442, 443, 56 Atl. 856 ; *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 249, 52 Atl. 947, 53 id. 57.

These well-settled propositions were applied by the Superior Court in the former action between the plaintiff and defendant, commenced April 23d, 1891, and controlled the judgment therein rendered for the plaintiff on December 18th, 1898. That judgment was affirmed by this court in January, 1900. 72 Conn. 531, 45 Atl. 154. It gave

the plaintiff $500 as damage for the defendant's unlawful acts done between 1884 and April 23d, 1891, in discharging into the river noxious substances in such manner that the same were carried by the flow of the river to the premises of the plaintiff and there produced a public nuisance, and it covered all damages sustained by the plaintiff by reason of said unlawful acts and nuisance up to April 23d, 1891. The present action was commenced on March 19th, 1902, and was brought to recover similar damage sustained by the plaintiff between April 23d, 1891, and March 19th, 1902, by reason of similar unlawful acts done by the defendant between those dates, producing a similar nuisance upon the plaintiff's premises. The Superior Court having found the facts alleged in the complaint to be true, and that the damages suffered by the plaintiff within six years prior to the date of the complaint amounted to $15,000, properly rendered judgment for the plaintiff to recover that sum. It is settled by the cases above cited as well as by the decisions of this court in the prior litigation between these parties, reported in 72 Conn. 531, 45 Atl. 154; 75 Conn. 387, 53 Atl. 958; and 76 Conn. 435, 56 Atl. 856, that the cause of action upon which the plaintiff recovered in the former action was not the construction of its sewers by the defendant in 1884 for the purpose of discharging sewage into the river. The construction of the sewers was lawful and caused no damage to the plaintiff, and such construction for the purpose of discharging sewage into the river gave the plaintiff no cause of action; the sewers could be used for that purpose without invasion of the plaintiff's right and without damage to his property; but when the defendant discharged its sewage into the river in such quantities and in such manner that the same was carried undiluted and unpurified to the premises of the plaintiff two miles below, there producing a public nuisance to the plaintiff's special damage, the defendant did not make a lawful use but a misuse of its system of sewers, it did an unlawful act and that unlawful act was a wrongful invasion of the plaintiff's legal

rights, and each day such unlawful act was repeated the
plaintiff suffered a fresh invasion of his legal rights.    It fol--
lows, therefore, that the trial court did not err in overruling
the claims made upon the trial by the defendant, viz : that
the former recovery by the judgment of December 18th,
1898, and the payment of that judgment by the defendant
was a bar to this action, and that the plaintiff's right of ac-
tion stated in the complaint did not accrue within six
years before the commencement of the action.    The prin-
ciple leading to this conclusion was treated as one not
open to question in the recently decided case of *Gorham*
v. *New Haven*, 79 Conn. 670, 66 Atl. 505.

In 1734 it was enacted that " no action of trespass, or
of the case for slander and defamation, shall be brought
but within three years after the matter of fact was com-
mitted or transacted."    7 Col. Rec. 499.    In 1821 it was
enacted that " no action of trespass on the case shall be
brought but within six years next after the right of action
shall accrue."    Rev. 1821, p. 310, § 4.    These two pro-
visions for testing the right to maintain an action as against
the statute of limitations, by the particular form of action
the pleader must use, remained substantially unchanged
until the common-law forms of action were abolished by
the Practice Act; and that Act, in thus destroying this test
for the application of the statute of limitations, provided
that the defense of the statute of limitations " available in
any form of action or suit, shall be available in like manner
and to the same extent against the complaint founded on
the proper subject-matter of such an action."    Public
Acts of 1879, p. 439.    The plaintiff's cause of action is one
for which the form of trespass *vi et armis* as originally
framed was not intended.    It called for a new form framed
to meet the circumstances of the plaintiff's case.    In so
far as the plaintiff's action seeks to recover damages for a
nuisance, case and not trespass was the proper form ; in so
far as it seeks to recover for an invasion of the plaintiff's
ownership in land, it is plainly distinguishable from the
forcible entry upon land for which the remedy of trespass

was appropriate.    We think the plaintiff's complaint is founded on the proper subject-matter for the common-law action of case rather than of trespass ; and that his action is rather one founded upon a tort unaccompanied with force and where the injury is consequential, within the meaning of § 1111 of the General Statutes, and which, by the terms of that section, may be brought within six years, than one founded upon a trespass to property, which by § 1115 must be brought within three years next after right of action shall accrue.    *Newton* v. *New York & N. E. R. Co.*, 56 Conn. 21, 24, 12 Atl. 644.

The trial court did not err in rendering judgment for all injuries the plaintiff had suffered within six years prior to the date of the complaint.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.