### CENTRAL VT. RY. CO. v. ROBBINS & PATTISON.

(Circuit Court of Appeals, Second Circuit.   January 9, 1911.)

#### No. 117.

1. RAILROADS (§ 249*) — FIRES — STATUTE GIVING RIGHT OF ACTION — CONSTRUCTION.

Gen. St. Conn. 1902, §§ 3779, 3780, giving a right of action against a railroad company to recover damages for its destruction of property by fire without the contributory negligence of the owner, although in derogation of the common law, is not penal, but beneficial and remedial, and is to be construed accordingly.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 730; Dec. Dig. § 249.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. RAILROADS (§ 473\*)— FIRES — ACTION FOR DAMAGES UNDER CONNECTICUT STATUTE—LIMITATION BY NOTICE.**

Under Gen. St. Conn. 1902, §§ 3779, 3780, giving a right of action against a railroad company to recover for loss by fire caused in the operation of its road, but providing that no action shall be brought thereunder "unless written notice of the claim is given to such company within 20 days after the fire, specifying the day and time of the fire, the property injured and the amount claimed as damages," and under the decisions of the Supreme Court of the state construing that and cognate statutes, a considerable latitude is allowable to a claimant in stating the amount of his loss in the notice, and where such amount was difficult to estimate at the time, his recovery is not limited to the amount so stated, if his estimate was an honest one.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 473.\*]

In Error to the Circuit Court of the United States for the District of Connecticut.

Action on the case to recover damages from Central Vermont Railway Company, for partial loss by fire of six icehouses and contents belonging to Robbins & Pattison. Fire caused by flying sparks from an engine of the railway company. Verdict and judgment for plaintiff, $31,866.22. Defendant took this writ. Affirmed.

C. B. Whittlesey, Ernest Chadwick, and Michael Kenealy, for plaintiff in error.

John T. Robinson and C. W. Comstock, for defendants in error.

Before LACOMBE and WARD, Circuit Judges, and HOUGH, District Judge.

HOUGH, District Judge. A statute of Connecticut provides that when, under the circumstances above stated,

"property is injured \* \* \* without contributory negligence on the part of the person entitled to the care and possession of such property, such [railway] company shall be held responsible in damages to the extent of such injury to the person so injured." Gen. St. 1902, § 3779; chapter 92 of 1881.

The act further declares that:

"No action shall be brought under section 3779 unless written notice of the claim is given to such company within 20 days after the fire, specifying the day and time of the fire, the property injured and the amount claimed as damages." Id. § 3780.

The plaintiffs below gave a notice within the required time, satisfactorily described the property injured, and assigned the date of fire, but stated "the amount claimed" as follows:

"We hereby claim of your company compensation to the extent of the injury to said property which we have sustained by reason of said fire, to wit, $21,500."

Some four months after notice, this action was begun, the declaration laying the damages at $25,000. The suit was not tried for over 3½ years from date of summons, and shortly before trial an amendment raised the damages to $40,000.

The record reveals no objection ever made to the original declaration, nor any exception to the allowance of the tardy amendment above noted. The only exception taken and urged is that the court below, instead of charging the jury, as requested, that "plaintiffs must be bound by the amount which they set forth as their damage in the notice," did charge that they were not necessarily "bound by that statement and confined to that amount," and left the statement or notice itself, as an early and important admission, to be regarded by the jury with all the other material and relevant testimony in the case.

Therefore the substance of the only point raised by this exception is that, as the action did not lie at common law, it must rest on the statute alone; that any statutory creation in derogation of common law must be strictly construed; and that this statute requires as a condition precedent to bringing any action "a written notice * * * specifying * * * the amount claimed as damages." Wherefore no action will lie for a greater amount than that specified, or in this case $21,500, with lawful interest.

The history of litigation affecting railway liability for spark emission is fully traced in St. Louis & San Francisco Ry. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611, and this Connecticut statute and its predecessors especially considered. It may then be assumed that this and other similar acts are not penal (Newton v. N. Y. & N. E. R. R., 56 Conn. 21, 12 Atl. 644), and are beneficial and remedial (Grissell v. Housatonic R. R. Co., 54 Conn. 462, 9 Atl. 137, 1 Am. St. Rep. 138; Martin v. N. Y. & N. E. R. R. Co., 62 Conn. 340, 25 Atl. 239).

This is true, notwithstanding the statute be regarded as in derogation of common law; for in respect of railway sparks the ancient rule that "if my fire by misfortune burns the goods of another man he shall have his action on the case against me" has not become general American law, and certainly has not been received in Connecticut. Burroughs v. Housatonic R. R., 15 Conn. 124, 38 Am. Dec. 64; Grissell's Case, supra. The cause narrows, therefore, to an inquiry as to what shall be regarded as a substantial compliance with the statute, in respect of the terms of a notice precedently required by an act which intends "that when railroad companies destroy bridges or other property they should pay for it," and authorizes a statutory action only; i. e., not dependent on negligence or other tortious act by defendant. Martin's Case, supra, at pages 339 and 341 of 62 Conn., at page 241 of 25 Atl.

The state decisions nearest the point have not arisen under the statute here involved, but under somewhat similar acts requiring notices as conditions precedent to actions against railways for death by tortious act (Gen. St. 1902, § 1130), and to suits against towns or other municipal corporations for damages from defective roads or bridges (Id. § 2020). The first of these familiar actions is obviously unknown to the common law, and the second has been held to rest only on an act penal in its nature, and, independent of the statute, not maintainable by a private person (Bartram v. Sharon, 71

Conn. 686, 43 Atl. 143, 46 L. R. A. 144, 71 Am. St. Rep. 225), but apparently otherwise of bridges in an early case (Lewis v. Litchfield, 2 Root [Conn.] 436). Obviously the statutes just referred to are no more beneficial, nor more entitled to favorable consideration, than is the act at the bottom of this case.

The rule announced is that "the sufficiency of the notice is to be tested with reference to the purpose for which it is required. If sufficient for that purpose it is a good notice." Breen v. Cornwall, 73 Conn. 312, 47 Atl. 323, and cases cited. The notice is not a pleading. Its function is to put defendants in possession of such facts as will enable them to investigate understandingly. Budd v. Meriden Electric R. R. Co., 69 Conn. 285, 37 Atl. 683.

Tested by these utterances of the highest state court, it would on reason seem plain that a notice which fully described the nature, situation, and extent of the property burned, the time of loss and name of owner, and also estimated the pecuniary damage from a fire furnishing so strange a survival of value as piles of half-melted ice, gave defendant everything it could reasonably expect for purposes of investigation.

The sole reliance of plaintiff in error seems to be Gardner v. New London, 63 Conn. 267, 28 Atl. 42, wherein a mistake in stating the time of injury (in a highway case) was held fatal, although defendant was confessedly not misled nor injured thereby. That decision, however, was specifically based on the proposition that "the time element in any transaction is always simple and can be easily and definitely stated" (page 273 of 63 Conn., page 44 of 28 Atl.), and since time is required by the act it must be true time. Yet the learned court showed by abundant citation of earlier cases that the other components of a notice under the highway act—i. e., the place, cause, and nature of the injury—were "clearly susceptible of being stated with greatly varying degrees of accuracy" (page 272 of 63 Conn., page 44 of 28 Atl.), and that notices had often been upheld, even when falling far short of exactness. In our judgment a statement of unliquidated damages should be assigned to that category of requirements wherein some considerable latitude must be allowed, rather than ranked with a matter absolutely measurable by clock and almanac.

In this case the record reveals a kind of loss difficult of reduction to exact amount, the notice lays it with a videlicet, and plaintiff in error admits that the amount of the notice, with interest to judgment, reaches nearly $27,000.

We are satisfied that under the act in question it is not necessary to do more than give an honest estimate of pecuniary loss, and there is nothing to show that this was not done. Indeed, the verdict of the jury is a finding to that effect, unless one who cannot, within about 15 per cent., guess what his loss on six piles of melting ice will be, is to be suspected for a rogue. We doubt whether plaintiff in error goes as far as that.

We may add that Noble v. Portsmouth, 67 N. H. 183, 30 Atl. 419, upholds exactly what was done here, in a case resting on a high-

way statute requiring the notice to state "the amount of damages claimed"; and Eggleston v. Chautauqua, 90 App. Div. 314, 86 N. Y. Supp. 279, affirmed 183 N. Y. 514, 76 N. E. 1094, justifies a highway claimant, required by statute to furnish the town supervisors with a "verified statement of the cause of action," in serving a statement claiming $1,000,—suing for $5,000 and recovering $4,500, largely on evidence (seemingly) of injuries not revealed by the original statement. See, also, Penna. Steel Co. v. Lackkonen, 181 Fed. 325.

We are convinced that the action of the lower court was in accord with the decisions of Connecticut, and far within the cognate rulings of other jurisdictions.

Judgment affirmed, with costs and interest.