[L. A. No. 4811.    In Bank—March 26, 1920.]

EUGENIA D. PORTER, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

[1] STATUTES OF LIMITATION—TRESPASS UPON REAL PROPERTY.—The three years' period of limitation for an action for trespass upon real property provided by subdivision 2 of section 338 of the Code of Civil Procedure applies only where there is some entry upon the premises of the plaintiff or direct or intentional injury thereto, amounting to a trespass thereon, and does not apply to actions in which the injury caused to the plaintiff's real property is consequential only and arises from some lawful act of the defendant not done upon the plaintiff's property, but committed elsewhere, and causing, as a consequence thereof, some injury to such property not arising from an entry thereon by the defendant or his agencies, since subdivision 1 of section 339, providing a two year limitation, is applicable to such class of actions.

[2] ACTION FOR INJURY TO REAL PROPERTY — BOUNDARY BY CITY STREET—PLEADING—PRESUMPTION AS TO OWNERSHIP.—In an action for damages for injury to real property fronting on a city street, it must be presumed, in view of section 831 of the Civil Code, that the plaintiff was the owner of the property to the center of the street, where the complaint showed that the property was bounded by the street, and nothing appeared in the record to rebut the presumption.

[3] PUBLIC HIGHWAY—EASEMENT—TRESPASS FOR INTERFERENCE.—A public highway is a mere easement and the owner of the soil over which it passes has an action of trespass against any person who interferes with it for any purpose but to use or repair it.

---

3. Rights, obligations, and remedies of owner of land abutting on highway, note, 101 Am. St. Rep. 103.

[4] Municipal Corporations—Construction of Tunnel—Damage to Private Property—Presumption as to Authority.—In an action by the owner of land fronting on a city street against the city for damages resulting from the caving of the land alleged to be due to negligence in the construction of a tunnel beneath the street, it must be assumed, in the absence of a showing to the contrary, that the city had authority to construct the tunnel.

[5] Id.—Duty of City as to Land Owners—Applicability of Code Section as to Rights of Coterminous Owners.—A city in the construction of a tunnel beneath a street is under obligation to use ordinary care and skill and take reasonable precautions to sustain the land of a property owner abutting on the street, the rule declared by section 832 of the Civil Code as to the rights of coterminous owners to lateral and subjacent support being applicable.

[6] Action for Damages — Construction of Tunnel — Pleading — Statute of Limitation Applicable.—A complaint in an action by the owner of land fronting on a city street against the city for damages resulting from the caving of the land alleged to be due to negligence in the construction of a tunnel beneath the street, states a cause of action for trespass, where it alleges that the defendants failed to take such precautions or to use such care, and as a result thereof the earth above caved into the tunnel and caused the settling and cracking of the surface of the earth, and the action is not barred by the two year limitation, but comes within the three year provision.

APPEAL from a judgment of the Superior Court of Los Angeles County. T. A. Norton, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

W. Ona Morton, J. T. Moriarity, Behymer, Craig & Salzman and Robert F. Shippee for Appellant.

Charles S. Burnell, Albert Lee Stephens, Jesse E. Stephens and Wm. P. Mealey for Respondent.

SHAW, J.—The complaint alleges that the plaintiff is the owner of certain land fronting on Hill Street, in the city of Los Angeles, upon which she was erecting an apartment house and had proceeded so far as to put in the

5. Nature of right to lateral and subjacent support, note, 68 L. R. A. 683.

foundations thereof; that the city of Los Angeles entered into a contract with the defendants Spicer & Wattson for the construction of a tunnel beneath the street along the line thereof in front of plaintiff's land; that in constructing the tunnel the defendants negligently failed to support the soil and earth above and adjacent thereto while performing the work and that for want of such support the earth above the tunnel caved into the tunnel and caused the settling and cracking of the surface of the earth above and along the course of the tunnel and the cracking of said foundation; that said settling and cracking was not due to the weight of any building upon the premises, or any act of the plaintiff, and that by reason of said caving of the earth plaintiff was damaged in a large sum of money, for which she claimed damages.

The answers of the defendants, among other things, pleaded as a defense that the action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, fixing two years as the limitation on actions upon a liability not founded upon an instrument in writing. The action was begun on September 7, 1915.

When the cause came on for trial the parties stipulated that the tunnel which caused the caving of the earth and consequent damage to the plaintiff was completed on August 16, 1913.   This was more than two years, but less than three years, before the beginning of the action.   Thereupon, without further evidence or proceedings, the parties agreed that the question whether the action was barred should be submitted to the court for decision and judgment.   The court decided in favor of the defendants and gave judgment accordingly.   From this judgment the plaintiff appeals.

It does not clearly appear whether the settling of the plaintiff's land took place during the construction of the tunnel or not, but the parties have assumed that the same were coincident in point of time, and we will consider the case upon that basis.

Subdivision 2 of section 338 provides that "an action for trespass upon real property" is not barred until three years from the time the cause of action accrued.   If this is an action of that character, the statute of limitations had not run when the action was begun and the judgment was erro-

neous. If, however, it comes within the class specified by subdivision 1 of section 339, the action was begun too late and the judgment was correct. [1] It is the settled law in this state that the three years' period of limitation for an action for' trespass upon real property applies only where there is some entry upon the premises of the plaintiff or direct or intentional injury thereto, amounting to a trespass thereon, and does not apply to àctions in which the injury caused to the plaintiff's real property is consequential only and arises from some lawful act of the defendant not done upon the plaintiff's property, but committed elsewhere, and causing as a consequence thereof some injury to plaintiff's property not arising from an entry thereon by the defendant or his agencies. (*Hicks* v. *Drew*, 117 Cal. 305, [49 Pac. 189]; *Daneri* v. *Southern C. R. Co.*, 122 Cal. 507, [55 Pac. 243]; *Crim* v. *San Francisco*, 152 Cal. 279, [92 Pac. 640].) The decisions in other states having a similar statute of limitations are to the same effect. (*Welch* v. *Seattle etc. Co.*, 56 Wash. 97, [26 L. R. A. (N. S.) 1047, 105 Pac. 166]; *Denney* v. *City of Everett*, 46 Wash. 342, [123 Am. St. Rep. 934, 89 Pac. 934]; *Roundtree* v. *Brantley*, 34 Ala. 554, [73 Am. Dec. 470]; *Eagle etc. Co.* v. *Gibson*, 62 Ala. 369; *Platt etc. Co.* v. *Waterbury*, 80 Conn. 184, [125 Am. St. Rep. 111, 67 Atl. 508].)

The defendant contends that the present case falls within the rule established in the cases just cited.

We are of the opinion that this position is not correct. "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown." (Civ. Code, sec. 831.) In the manner in which the case was tried it must be determined upon the theory that the allegations of the complaint, supplemented by the stipulation as to the time when the tunnel was completed, constitute the facts of the case. The complaint shows that the plaintiff's land was bounded by Hill Street, and nothing appears in the record to show that the presumption that she owns to the center of the way is not correct. [2] We must, therefore, presume that she was the owner of the title to the center of Hill Street. [3] "A public highway is a mere easement and the owner of the soil over which it passes has . . . an action of trespass against any person who interferes with it for any purpose

but to use or repair it." (*Starr* v. *Camden etc. Co.*, 24
N. J. L. 592.) "I hold it to be clear that the public have
no other right, but that of passing and repassing; so that
the title to the land, and all the profits to be derived from
it, consistently with, and subject to, the right of way, re-
main in the owner of the soil. The owner may maintain
trespass for any injury to the soil, which is not incidental
to the right of passage acquired by the people." (*Stack-
pole* v. *Healy*, 16 Mass. 33, [8 Am. Dec. 121].) The owner
of the easement "cannot commit a trespass upon the ser-
vient tenement beyond the limits fixed by the grant or
use." (*North Fork W. Co.* v. *Edwards*, 121 Cal. 666, [54
Pac. 70].) The county authorities cannot bore wells along
the public highway and take water therefrom without the
consent of the owner of the land through which the high-
way runs. (*Wright* v. *Austin*, 143 Cal. 236, [101 Am. St.
Rep. 97, 65 L. R. A. 949, 76 Pac. 1023].) These principles
are thoroughly established by the authorities. (*Gurnsey* v.
*Northern Cal. P. Co.*, 160 Cal. 705, [36 L. R. A. (N. S.)
185, 117 Pac. 906]; Pol. Code., sec. 2631; Dillon on Munici-
pal Corporations, sec. 1076; *Carl* v. *Sheboygan etc. Co.*, 46
Wis. 628, [1 N. W. 295]; *Bingham* v. *Doane*, 9 Ohio, 168.)

[4] For the purposes of this action we must assume that
the city of Los Angeles was acting in pursuance of its legal
rights and powers in causing the tunnel to be constructed
under the surface of Hill Street. The defendant city re-
fers to another case decided by this court wherein it was
held that said city had no power to construct such a tunnel
under a public street solely for the purposes of public
travel under the provisions of the state Improvement Act
known as the Vrooman Act, (Stats. 1885, p. 147). We
cannot import into the record in this case the facts shown
in the record in that case. Nothing appears here to the
effect that the tunnel referred to in the complaint was
made for the purposes of public travel. There are pro-
visions in the Vrooman Act and in other laws conferring
upon the city power to construct tunnels for other pur-
poses, and as we cannot presume, in the absence of aver-
ment, that the city is acting unlawfully, it must be assumed
for the purposes of this decision that the construction of
the tunnel in a proper and careful manner was an act
within the powers of the city.

It appears from the complaint that the tunnel embraced land in the part of the street which belonged to the plaintiff as owner of the abutting lot. The plaintiff was, therefore, the owner of the soil in that portion of the street, subject to the public easement to use the same for all purposes incident to its character as a public street. This would include its use for the construction of any tunnel authorized to be made in public streets for municipal purposes. The city, so long as it acted within the powers given to it by law, was not a trespasser upon the soil. It was occupying the same by authority of law, but its rights were subject to the rights of the owner of the soil to this extent, that any act done by it not authorized by law or in a manner not sanctioned by the law, although done in the construction of the tunnel, would be a trespass upon the soil, and an action for resulting injury to the land would be an action for trespass upon real property, within the meaning of section 339. While the city had power, as we must assume, to construct the tunnel, it was under a legal obligation, in so doing, to use reasonable care to avoid injury to the plaintiff's land in which the tunnel was being constructed. Section 832 of the Civil Code provides that "each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other." Within the meaning of this section the defendants for all purposes properly connected with the use of the land as a street were coterminous owners with the plaintiff as to the portion of her lot situated immediately adjoining the street. [5] They were, therefore, under obligation in constructing the tunnel to use ordinary care and skill and take reasonable precautions to sustain the land of the plaintiff as a coterminous owner. While this is the rule with respect to coterminous owners under the code, it is clear that a similar rule must apply with respect to the construction of the tunnel in that part of the street belonging to the plaintiff. As they occupy such mutual relations to each other with respect to the soil of that part, the defendants would be under the like obligation to use ordinary care and skill and

take reasonable precautions to avoid injury to that part of the land of the plaintiffs in which they were constructing the tunnel. With respect to the parcel of the land situated in the street, therefore, if the plaintiff failed to use such care and skill and take such precautions, it would be acting beyond its authority and would be, with respect to the injury caused by such neglect, a trespasser upon the real property of the plaintiff. [6] The complaint alleges that the defendants did fail to take such precautions or to use such care, and that as a result thereof the earth above caved into the tunnel and caused the settling and cracking of the surface of the earth above whereby she suffered the damage complained of. It states a cause of action for trespass upon the real property of the plaintiff, consequently the action was not barred by the two years' limitation, but comes within the provisions of section 338 fixing three years as the period of limitation. The court below erred in holding, upon the facts before it, that the defendant was entitled to judgment.

The case was not tried on the merits. It is obvious that upon a new trial other questions may arise which are not presented by the record here. The complaint shows that the cracks in the surface above the tunnel occurred within the street lines and extended therefrom to the part of the lot outside of the street, injuring the ground both within and without the street, and that it also caused injuries to the foundation walls of the building in course of construction by the plaintiff. The evidence may develop conditions which we have not considered. The cracking of the surface within the street would be a direct actionable injury thereto and to the plaintiff's interest therein, if caused by unskillful construction of the tunnel. It would therefore be a trespass on the land of plaintiff, although the damage might be only nominal. If the damage claimed, or a part of it, arises from the injury to the foundation walls, or to the part of her lot outside the street lines, in consequence of the unskillful construction of the tunnel, the question will arise whether or not such injury constitutes the foundation of an action for trespass upon that real property, barred only after three years by section 339, or is merely a consequential injury of the character considered in *Hicks* v. *Drew,* 117 Cal. 305, [49 Pac. 189], and the

other cases cited, to which the two years' limitation of section 338 applies. As the complaint is now framed, the necessity for considering such distinction, or whether there is any, does not arise. We have not considered it and express no opinion regarding it.

The judgment is reversed.

Angellotti, C. J., Lennon, J., Wilbur, J., Kerrigan, J., *pro tem.*, and Lawlor, J., concurred.

OLNEY, J., Concurring.—I concur in the result and the main opinion with the single exception of its acceptance of the rule of *Hicks* v. *Drew*, 117 Cal. 305, [49 Pac. 189], as the settled law of this state. This rule, to which I strongly except, is that subdivision 2 of section 338 of the Code of Civil Procedure, when it provides a period of limitation of three years for "An action for trespass upon real property," refers only to what were strictly actions for trespass at the common law and excludes actions for invasions of rights in real property for which at common law the remedy was not trespass but trespass on the case. The construction so put upon the section has the remarkable result that although one of the primary purposes of our reformed procedure was to do away with the refined and frequently illusory distinctions of the common law between forms of action, and although the fundamental theory of our law is that it is one of substantive rights for whose breach there is in all cases but one form of action, while the common law was essentially a law of remedies and forms of action were all-important, yet the distinctions of the common law between forms of action are imported into our law and still maintained. This is done, furthermore, not in connection with the form of the particular action, but in a purely incidental connection, that of the period of limitation. No reason whatever can be assigned why such distinctions should be preserved. They are an anachronism in our law, alien to its fundamental theory. They make the rights of the parties to turn, as in this case, not upon the merits, but upon refined and subtle distinctions, whose perpetuation makes the rights of the parties in many cases, as here, difficult of ascertainment without any necessity for such difficulty. I believe that upon this point *Hicks* v. *Drew* should be over-

ruled and the code section construed to mean that by trespass is meant any wrong to or invasion of rights in real property. Such is the usual meaning of the word "trespass," and such the meaning which has been given to it when used in similar statutes elsewhere. (*Cahn* v. *Bonnett,* 62 Tex. 674; *Bear* v. *Marx,* 63 Tex. 298; *Kelly* v. *Moore,* 51 Ala. 364.) A reading, also, of this particular provision in connection with the other code provisions concerning the period of limitations indicates that this was the sense in which the word was used.

I would not take the view that *Hicks* v. *Drew* should be overruled if its overruling would have the effect of cutting off any existing right of action. But the only effect of overruling it would be to extend, not to limit, the time within which certain actions may be brought. This being the case, I think it should be overruled in the interest of the administration of justice by as plain and simple rules as possible.