[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#110)
On April 17, 1995, the plaintiff, the city of Bridgeport, noticed petroleum contaminated soil at or near Admiral Street, Bridgeport, CT Page 2100 Connecticut. The plaintiff initially commenced an action on April 17, 1998, against Santa Fuel, Inc. (Santa Fuel), believing that Santa Fuel was the party responsible for the contamination. On August 13, 1998, the court, Skolnick, J., granted Santa Fuel's motion to dismiss on the ground that the plaintiff had sued the wrong party. Bridgeport v. Santa Fuel,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352768 (August 13, 1993, Skolnick, J.). Subsequently, on November 18, 1998, the plaintiff filed this action against the defendant, Admiral Associates, L.L.C. The plaintiff filed an eight count amended complaint on December 10, 1998, alleging negligence (count one), negligence per se in violation of General Statutes §§ 22a-427 and22a-430 (count two), nuisance (count three), trespass (count four), liability pursuant to General Statutes § 22a-452 (count five), liability pursuant to General Statutes § 22a-16 (count six), strict tort liability (count seven) and common law indemnification (count eight).
On April 6, 2000, the defendant filed its answer to the amended complaint and special defenses. The first special defense alleges that all counts of the plaintiff's complaint are barred by the statute of limitations set forth in General Statutes § 52-577c. The second special defense alleges that the first and second counts of the plaintiff's complaint are barred by the statute of limitations set forth in General Statutes § 52-584. The third special defense alleges that the third, fourth, seventh and eight counts are barred by the statute of limitations set forth in General Statutes § 52-577. The fourth special defense alleges that all counts of the plaintiff's complaint are barred by the contributory negligence of the plaintiff. On March 2, 2000, the plaintiff filed its reply to the defendant's special defenses and stated in one sentence: "Plaintiff denies each and every allegation contained in defendant's First, Second, Third and Fourth Special Defenses."[1] The plaintiff filed a certificate of closed pleadings on May 4, 2000. No trial date has been set.
On September 1, 2000, the defendant filed a motion for summary judgment on the ground that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Specifically, the defendant argues that all counts of the plaintiff's complaint are barred by the applicable statutes of limitations. In addition, the defendant argues as to count seven that petroleum storage and use are not ultrahazardous or abnormally dangerous activities and that the plaintiff otherwise fails to allege properly a claim for strict liability. As required by Practice Book § 11-10, the defendant has filed a memorandum in support of its motion for summary judgment, and the plaintiff has filed a memorandum in opposition. CT Page 2101
"The standards governing . . . a motion for summary judgment are well established. . . . [S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
 I General Statutes § 52-593
The defendant argues that all counts of the amended complaint are barred by the statute of limitations contained in § 52-584,[2]
§ 52-577[3] or § 52-577c[4] because more than three years elapsed between the date of the act complained of and/or the date of discovery of the injury and the date on which the plaintiff commenced this action. The plaintiff disputes that the action is barred, relying on General Statutes § 52-593, which provides, in pertinent part, that "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action."
The defendant argues that the plaintiff cannot rely upon § 52-593
because the plaintiff failed to specially plead it within its reply to the defendant's special defenses.[5] At the time the defendant filed its motion for summary judgment, the plaintiff's reply consisted only of a general denial of the defendant's statute of limitations special defenses.[6] The plaintiff argues that it should be able to rely on § 52-593 because it is a remedial statute that is to be liberally construed and neither party will be harmed by its application.
Section "52-593 is intended to avoid the hardships arising from an CT Page 2102 unbending enforcement of limitation statutes. . . . It, too, is remedial and should be liberally interpreted. . . . In short, [i]t should be so construed as to advance the remedy rather than to retard it." (Citations omitted; internal quotation marks omitted.) Morrissey v. Board ofEducation, 40 Conn. Sup. 266, 268, 491 A.2d 1126 (1985). In order for § 52-593 to save an action, the plaintiff must demonstrate "that he failed to obtain judgment by reason of [his] failure to name the right person as defendant." (Internal quotation marks omitted.) Perzanowski v.New Britain, 183 Conn. 504, 507, 440 A.2d 763 (1981).
The Superior Courts are split on whether it is merely a preference or a requirement that § 52-593 be specially pleaded. By way of analogy to cases dealing with General Statutes § 52-592,[7] several courts have found that it is preferable for the plaintiff to plead § 52-592
in the reply to the defendant's special defense, but the plaintiff's failure to do so is not fatal. Manson v. Mr. Coffee, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 368332 (November 9, 1995, Zoarski, J.) (15 Conn.L.Rptr. 436. 438) ("failure [of the plaintiff to plead § 52-592 in his reply to the defendant's special defense] is not fatal and the applicability of the statute, nevertheless, can still be asserted in opposition to a motion for summary judgment on the statute of limitations defense"); Gulycz v. SandpiperDunes Ltd., Partnership Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 372553 (June 4, 1993, Wagner, J.) (9 Conn.L.Rptr. 216, 217) (refusing to grant defendant's motion for summary judgment despite plaintiff's failure to plead § 52-592 in complaint or in reply to defendant's special defense raising statute of limitations).
In addition, several Superior Courts have applied § 52-592 or § 52-593 despite the plaintiff's general denial when the defendant failed to object to the defect in pleading. Morande Bros., Inc. v. MazdaMotors of America, Inc., Superior Court, judicial district of Hartford, Docket No. 576027 (October 29, 1998, Peck, J.) (see footnote one of opinion, explaining that court may properly address § 52-592 where defendant fails to object to pleading defect); Woolford v. Mark IVConstruction, Superior Court, judicial district of New Haven at New Haven, Docket No. 364095 (December 17, 1996, Zoarski, J.) (see footnote three of opinion, explaining that court may consider applicability of § 52-593 despite plaintiff's failure to specially plead it due to defendant's failure to object); Karat v. Deere Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 505980 (April 13, 1994, Sheldon, J.) (if plaintiff fails to plead §52-592, court can consider applicability of § 52-592 when defendant fails to object to plaintiff's defect in pleading). CT Page 2103
Other Superior Courts have held, however, that § 52-593 cannot be relied upon unless the plaintiff specially pleads it in avoidance of a duly pleaded statute of limitations defense. In Kerr v. MetropolitanDistrict Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515671 (April 27, 1994, Sheldon, J.), the court found that the plaintiff's argument that his action was saved under § 52-593 was presently unavailable because "the exception set forth in Section 52-593 cannot be relied upon by a plaintiff unless and until he specially pleads it in avoidance of a duly pleaded statute of limitations defense. . . . Here, where all the plaintiff had pleaded in reply to the defendant's special defense is a general denial, that exception cannot be lawfully relied upon to avoid that defense." (Citations omitted.) Id. The court, therefore, granted the defendant's motion for summary judgment. Id.
The court will allow the plaintiff to rely on § 52-593 because, although specially pleading § 52-593 is preferred, failure to do so is not fatal. Manson v. Mr. Coffee, Inc., supra, 15 Conn.L.Rptr. 438;Gulycz v. Sandpiper Dunes Ltd. Partnership, supra, 9 Conn.L.Rptr. 217; accord Skakel v. Benedict, 54 Conn. App. 663, 684, 738 A.2d 170 (1999) (Practice Book § 10-3, requiring claim grounded on statute identify number of statute, is directory and not mandatory). The defendant has offered no evidence that it will be prejudiced or that it has been misled or taken advantage of by the plaintiff's reliance on § 52-593. Moreover, the defendant cannot claim unfair surprise as it has been aware of the plaintiff's reliance on this statute for approximately two years, when the plaintiff raised the statute in opposition to the defendant's December 24, 1998 motion to strike the amended complaint on statute of limitations grounds.
 II
With the application of § 52-593, the plaintiff has an extended statute of limitations to serve the correct defendant "within one year after the termination of the original action." The plaintiff in this case filed the present action on November 18, 1998, within one year after the termination of the original action on August 13, 1998. However, in order to qualify for the extended statute of limitations pursuant to §52-593, the plaintiff's original action must not have been time barred by the applicable underlying statute of limitations. See Vessichio v.Hollenbeck, 18 Conn. App. 515, 519, 558 A.2d 686 (1989).
 A CT Page 2104 Counts One and Two
The defendant argues that the plaintiff's negligence claims made in counts one and two are barred by § 52-584. Since the plaintiff alleges that the injury was discovered on April 17, 1995, the defendant argues that the plaintiff had until April 17, 1997, to bring its initial action. Therefore, because the plaintiff's action was not brought until April 17, 1998, the defendant argues that the negligence counts are barred by § 52-584.
The plaintiff disputes, however, that § 52-584 applies to the claims brought in counts one and two. The plaintiff argues that §52-584 applies only to negligence actions "to recover damages for injury . . . to property" and that its claims are not claims for "property damage." Instead, the plaintiff characterizes its claims made in counts one and two as "claims for indemnification or equitable reimbursement" or as a "cost recovery action."
The plaintiff's position cannot be accepted. Count one alleges that the defendant negligently "has caused or allowed the discharge and/or release of petroleum, petroleum constituents and petroleum contaminants to the soil and groundwater" and "has caused or allowed petroleum, petroleum constituents and petroleum contaminants to migrate from defendant's property to the soil and groundwater beneath" the plaintiff's property. Count one further alleges that as a result of the defendant's negligence in failing to control the contaminants existing in the soil and groundwater beneath its property, the plaintiff has sustained damages.[8]
Count two alleges that the defendant's actions in violating § 22a-427
and § 22a-430 were negligent per se and caused contamination of the plaintiff's property, resulting in damages to the plaintiff. Regardless of how the plaintiff labels its claimed losses, costs and expenses, these damages all arose out of the defendant's alleged negligence in causing injurious contamination of the plaintiff's property. Counts one and two, therefore, are negligence claims "to recover damages for injury to . . . property" within the meaning of § 52-584.
A similar argument as that made by the plaintiff in the present case was made and rejected in Electroformers, Inc. v. Emhart Corp., Superior Court, judicial district of Danbury, Docket No. 297891 (January 29, 1993, Fuller, J.) (8 Conn.L.Rptr. 307). The plaintiff in that case, seeking to avoid the similarly worded statute of limitations contained in General Statutes § 52-577c, which applies to actions "to recover damages for . . . property damage" caused by exposure to hazardous substances, argued that its "indemnification action for cleanup costs" is not an action "to recover for property damage." Id., 309. The court CT Page 2105 rejected this argument, agreeing with the "majority view . . . that cost recovery actions are claims for damages." Id.; see also Goldblum v. ThePittson Co., Superior Court, judicial district of Stamford, Docket No. 126252 (April 24, 1996, Stevens, J.) (16 Conn.L.Rptr. 512, 513). Thus, "[l]abeling what is really a property damage claim as an action for indemnification does not avoid the statute of limitations."Electroformers, Inc. v. Emhart Corp., supra, 310.
In another case, Hays v. Mobil Oil Corp., 930 E.2d 96 (1St Cir. 1991), the court was called upon to interpret the term "property damage" as used in a contractual provision protecting the defendant against "all losses and claims . . . for . . . property damage." The plaintiff argued that costs incurred to clean up soil contaminated by oil and gasoline were not included within the meaning of the term "property damage" as used in the indemnity clause. Id., 100. The court rejected this argument, holding that environmental cleanup costs are "damages" and that where the contaminants had leaked into the soil and the cleanup was undertaken in order to remedy such contamination, "the contamination of soil . . . by the release of hazardous material involves property damage." (Internal quotation marks omitted.) Id., 102.
Nevertheless, the plaintiff argues that the applicable statute of limitations is that contained in § 52-577, not § 52-584. Section52-577 "is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of § 52-577 and enumerated in § 52-584 or another section." (Internal quotation marks omitted.) Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 441,551 A.2d 1220 (1988). Actions to recover damages for personal injury or injury to real or personal property caused by negligence have been excluded from § 52-577 and are governed by the provisions of §52-584. "It is a well-settled principle of [statutory] construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." (Internal quotation marks omitted.) State v. StateEmployees' Review Board, 239 Conn. 638, 653, 687 A.2d 134 (1997). Therefore, since § 52-584 specifically covers actions to recover damages for injury to real property caused by negligence, § 52-584, and not § 52-577, provides the statute of limitations applicable to counts one and two.
Therefore counts one and two are claims "to recover damages for injury to . . . property, caused by negligence," and, therefore, the applicable statute of limitations is § 52-584. Because the plaintiff failed to bring its initial action within two years of the date of discovery of the injury, counts one and two are barred. Therefore, the defendant's motion CT Page 2106 for summary judgment as to counts one and two is granted.
 B Counts Three and Four
The defendant next argues that count three (nuisance) and count four (trespass) are barred by the statute of limitations provided by §52-577. Specifically, the defendant argues that the plaintiff had three years from April 17, 1995,[9] to file a claim against it. Having not filed the action until November 18, 1998, the defendant argues that these claims are barred.
The plaintiff does not contest the applicability of § 52-577 to these counts. Assuming, then, for purposes of the present motion that § 52-577 provides the statute of limitations applicable to the claims of nuisance and trespass, § 52-577 does not bar these claims. Taking into consideration the discussion in part I of this memorandum, submitting that § 52-593 is applicable to this action, the plaintiff's claims in counts three and four are timely. The initial action was filed within three years of April 17, 1995, and dismissed on August 13, 1998, on a ground within the purview of § 52-593. The plaintiff then had one year from the date of dismissal to file this action, which it did on November 18, 1998, well within the statutory period. Therefore, the defendant's motion for summary judgment as to counts three and four on the ground that § 52-577 bars the causes of action asserted therein is denied.
The defendant makes an alternative argument in footnote three of its memorandum with respect to count three. Specifically, the defendant argues that count three, to the extent that it alleges negligent nuisance, is barred by the statute of limitations contained in §52-584. The plaintiff does not specifically address this argument made as to count three, apparently relying on its general argument that §52-584 does not apply to this action because the plaintiff's action is not one for "property damage."
For the reasons expressed previously in regard to counts one and two, the plaintiff's action is one for property damage within the meaning of § 52-584. Even assuming that count three alleges a cause of action for negligent nuisance and that § 52-584 is therefore applicable; seePapp v. Shelton Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 56489 (August 26, 1999, Corradino, J.) (25 Conn. L. Rptr. 318, 322); Hansen v. Huntington Realty, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539334 CT Page 2107 (January 25, 1996, Hennessey, J.); summary judgment is nevertheless inappropriate on this ground due to unresolved factual issues. "In nuisance actions it is important, for statute of limitations purposes, to ascertain whether the invasion or interference is `permanent' or `continuous [i.e., temporary]'. . . . If the injury or wrong is classified as temporary, the limitation period starts to run only when the plaintiffs [property is] actually harmed, and for purposes of the statute of limitations, each injury causes a new cause of action to accrue, at least until the injury becomes permanent." (Citation omitted; internal quotation marks omitted.) Blackburn v. Miller-StephensonChemical Co., Superior Court, judicial district of Danbury, Docket No. 314089 (September 11, 1998, Leheny, J.); see also Southern New EnglandIce Co. v. West Hartford, 114 Conn. 496, 512, 159 A. 470 (1932) (cause of action arose when nuisance became permanent, therefore, plaintiff's action brought within one month after such date not barred by statute of limitations); Platt Bros. Co.v. Waterbury, 80 Conn. 179, 182, 67 A. 508
(1907) (every day of acts constituting continuing nuisance causing injury renders defendant liable to suit). "Whether a nuisance is temporary or permanent is ordinarily a question of fact." Filisko v. BridgeportHydraulic Co., 176 Conn. 33, 40, 404 A.2d 889 (1978). Neither party having raised or briefed the issue of whether the nuisance alleged in this case is permanent or continuing, whether and when the statute of limitations began to run depends on questions of fact inappropriate for resolution on a motion for summary judgment. Therefore, the motion for summary judgment as to count three on the ground that it is barred by § 52-584 is denied.
 C Counts Five, Six and Eight
The defendant argues that count five (§ 22a-452), count six (§22a-16) and count eight (common law indemnification) are barred by the statute of limitations contained in either § 52-577c or § 52-577. The plaintiff does not contest the applicability of § 52-577.[10]
With regard to the applicability of § 52-577c, at the time the property damage in this case allegedly was discovered on April 17, 1995, the definition of "hazardous chemical substance or mixture" as used in § 52-577c was interpreted as excluding petroleum and petroleum products, thereby rendering the statute of limitations contained in §52-577c(b) inapplicable to claims alleging petroleum contamination. Dotyv. Mucci, supra, 238 Conn. 800. The statutory definition has since been amended, effective October 1, 1998, to include "petroleum" and "petroleum products" in the definition of "hazardous chemical substance or mixture." CT Page 2108 See General Statutes § 52-577c(a)(3). For purposes of the present case, however, which alleges petroleum contamination discovered in 1995, § 52-577c(b) is inapplicable. Doty v. Mucci, supra, 805; J.F.C.Endeavors, Inc. v. Pioneer Steel Ball Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 587083 (December 14, 1999,Hennessey, J.); A.P. Development Services Corp. v. St. John, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 129171 (February 20, 1998, Lewis, J).
Assuming for purposes of the present motion that § 52-577 is applicable to the claims made in counts five, six and eight and that the operative date on which the statutes began to run is, as the defendant posits, April 17, 1995, the defendant's motion is denied. As discussed previously with regard to counts three and four, the plaintiff's initial action was timely filed under § 52-577, and due to the applicability of § 52-593, counts five, six and eight are also timely. Therefore, the defendant's motion for summary judgment as to counts five, six and eight on the ground that they are barred by § 52-577c or § 52-577
is denied.
 D Count Seven
At oral argument on the defendant's motion heard on October 10, 2000, the parties stipulated that the court may grant the defendant's motion as to count seven of the amended complaint. Therefore, the defendant's motion for summary judgment as to count seven is granted.
The court grants the defendant's motion for summary judgment as to count seven because the parties agreed to this result at oral argument. The court grants the defendant's motion for summary judgment as to counts one and two on the ground that General Statutes § 52-593 does not save these counts since, when initially brought, they were barred by General Statutes § 52-584. The court denies the defendant's motion for summary judgment as to counts three, four, five, six and eight because these counts are not barred by General Statutes § 52-577 or § 52-577c with the application of General Statutes § 52-593.
John W. Moran, Judge